IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
DELCATH SYSTEMS, INC. :
:
           Plaintiff, :
  v. :  Civil Action No. 1:06CV01391 RBW
:
ROBERT LADD, LADDCAP VALUE :  Honorable Reggie B. Walton
PARTNERS LP, LADDCAP VALUE :
ADVISORS LLC and LADDCAP VALUE :
ASSOCIATES LLC :
           Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF M.S. KOLY IN SUPPORT
OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

    I, M.S. Koly, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

    1.    I am the President and Chief Executive Officer of Delcath Systems, Inc. ("Delcath or the "Company"). I am also a member of Delcath's Board of Directors. I submit this declaration in support of plaintiff's motion for a preliminary injunction and have personal knowledge of the facts set forth herein.

    2.    Beginning from at least October 2005, there have been numerous telephone conversations between representatives of Laddcap Value Partners LP ("Laddcap"), a hedge fund, and the Company, including telephone conversations between Robert Ladd, the principal of Laddcap, and myself. I also have met with Mr. Ladd in person on two separate occasions.

    3.    Between April 27, 2006 and June 6, 2006, Mr. Ladd made three separate demands for a special shareholder meeting to vote on a proposal to "terminate immediately" my

employment. Mr. Ladd's third demand for a special shareholder meeting also sought a vote on a proposal to "remove all of Delcath's [five] directors."

4. On June 6, 2006, just one week before Delcath's annual shareholder meeting, Laddcap commenced a lawsuit against the Company in the Court of Chancery of the State of Delaware relating to supposed "concerns regarding the propriety of certain actions taken by Delcath's officers and directors."

5. Following Delcath's annual shareholder meeting on June 13, 2006 at which Delcath's shareholders re-elected Mark Corigliano and Victor Nevins as directors of the Company and approved Mr. Ladd's proposal to recommend that Delcath's Board of Directors (the "Board") retain an investment bank to explore the potential sale of the Company, Mr. Ladd contacted me to renew the dialogue between Laddcap and the Company. Over the next one to two weeks, Mr. Ladd and I had a number of additional calls.

6. During one of our initial calls, Mr. Ladd made clear to me that he no longer wished to have me terminated or to remove Samuel Herschkowitz, M.D., Chairman of Delcath's Board. This was a dramatic change from his original position calling for the removal of the entire Board.

7. Mr. Ladd also indicated to me that he was satisfied with the Company's business plan. Mr. Ladd proposed, though, that the three independent directors, Mark Corigliano, Victor Nevins and Daniel Isdaner, resign and be replaced with directors acceptable to Laddcap.

8. After consultation with the Board, I told Mr. Ladd that the Company would not agree to a proposal calling for the removal of the three independent directors, as that proposal would effectively allow Laddcap to control a majority of Delcath's Board.

9. During one of our calls in late June 2006, I advised Mr. Ladd that the Board had decided to implement an initiative to add two new independent directors by the end of 2006. On June 27, 2006, the Company issued a letter advising shareholders of the initiative.

10. I invited Mr. Ladd to send to the Company the names and/or resumes of candidates Laddcap wished to be considered for the two new director positions. I also invited Mr. Ladd to provide suggested investment banks for the Company to contact.

11. Mr. Ladd agreed to provide me with both potential director candidates and suggested investment banks.

12. As a courtesy, I sent to Mr. Ladd for his review the resumes of potential candidates for the new director positions the Company was considering.

13. In early July 2006, the Company was informed that Mr. Ladd had agreed to: (a) withdraw his demand for a special shareholder meeting to "remove all of Delcath's directors" and "terminate immediately" my employment; and (b) dismiss Laddcap's lawsuit against Delcath.

14. Consistent with the cooperative tone of the time, after Mr. Ladd asked to review the Company's press release announcing Laddcap's agreement to withdraw its demand for a special shareholder meeting and dismiss its lawsuit against Delcath, prior to publication, I sent that document for his review and comment. Mr. Ladd likewise sent to me for review and comment a draft of a Schedule 13D filing announcing Laddcap's agreement to withdraw its demand for a special shareholder meeting and dismiss its lawsuit against Delcath. On July 11, 2006, the Company issued its press release and Mr. Ladd made his Schedule 13D filing.

15. On July 27, 2006, Jonathan A. Foltz unexpectedly resigned from his position as a consultant to Delcath. Mr. Foltz had worked at Delcath, first as an employee and then as a

consultant, for 14 years. Prior to his resignation, Mr. Foltz was involved in almost every aspect of Delcath's operations and had access to company trade secrets and other confidential and proprietary information. I was shocked by Mr. Foltz's sudden resignation.

16.  Just hours after Mr. Foltz resigned on July 27, 2006, Laddcap issued a written consent to action to initiate the process for commencing a consent solicitation to remove all of Delcath's directors and replace them with five new directors, including Mr. Ladd and Mr. Foltz.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on August 4, 2006.



_____/s/ M.S. Koly_____
M.S. Koly