# Exhibit 19

LADDCAPVALUE
ADVISORS LLC

April 27, 2006

Mr. M.S. Koly, President and Director
Dr. Samuel Herschkowitz, Chairman of the Board
Mr. Mark A. Corigliano, Director
Mr. Daniel L. Isdaner, Director
Mr. Victor Nevins, Director
c/o Delcath Systems, Inc.
1100 Summer Street, Third Floor
Stamford, Connecticut 06905

Dear Messrs. Koly, Corigliano, Isdaner, Nevins, and Dr. Herschkowitz:

Laddcap Value Partners LP ("Laddcap") is Delcath Systems, Inc.'s ("Delcath") largest stockholder, owning more than ten percent (10%) of Delcath's outstanding common stock. Delcath's Board of Directors (the "Board") and management are already aware that we are profoundly disappointed with the actions and inactions of Delcath's management and Board in continuing to chart a course away from its primary obligation to enhance stockholder value. We believe that Delcath's management and Board have violated and continue to violate their fiduciary obligations by, among other things, implementing and continuing to maintain certain policies that simply serve to entrench management and the Board and place management's and the Board's interests above the interests of Delcath's stockholders. We believe that Delcath's low enterprise value is reflective of management's and the Board's self-serving policies.

Delcath's Board continues to maintain policies that were never approved by the current stockholders. These policies include, but are not limited to, a staggered Board, change of control payments for directors, the right of the Board to issue shares of preferred stock without stockholder approval, supermajority voting provisions to amend Delcath's By-laws and Certificate of Incorporation, and a poison pill. If Delcath's management and Board were truly seeking to enhance shareholder value, there would be no need for these policies.

In order for shareholder value to be immediately increased, we believe that Delcath must rescind its poison pill. To that end, this letter is a demand by a more than ten percent (10%) stockholder, upon Mr. M.S. Koly, Delcath's President and Chief Executive Officer, to immediately call a special meeting of the stockholders pursuant to Section 7 of Article Sixth of Delcath's Certificate of Incorporation and Article I, Section 2 of Delcath's By-laws.

The first purpose of this special meeting is to permit Delcath's stockholders to vote on a precatory stockholder proposal that the poison pill should be eliminated. Specifically, this proposal requests Delcath's Board to (i) rescind immediately Delcath's poison pill (i.e. the Rights Agreement dated October 30, 2001, implemented by the Board without stockholder approval), and (ii) take the immediate steps necessary so that no future poison pill can be adopted without stockholder approval.

April 27, 2006
Page 2

# LADDCAPVALUE

Laddcap urges Delcath's Board to promptly and properly restore value to its stockholders by permitting Delcath's stockholders to recommend at the special stockholders meeting whether or not they wish the poison pill to remain in effect, and by the Board ultimately following the wishes of the stockholders to whom the Board answers.

The second purpose of this special meeting is to permit Delcath's stockholders to vote on a proposal to add Article X to Delcath's By-laws, which shall read as follows:

> The term of office of an officer of the corporation shall terminate immediately upon the affirmative vote, at any meeting of stockholders of the corporation, of a majority of the shares of stock of the corporation entitled to vote and represented at the meeting.

The third purpose of this special meeting is to permit Delcath's stockholders to vote on a proposal that the term of office of the current President and Chief Executive Officer, Mr. M.S. Koly, shall terminate immediately.

As Delcath's largest stockholder, we care deeply about the performance and future prospects of Delcath. We look forward to management and the Board responding appropriately to ensure management and the Board satisfy their fiduciary duties by putting the interests of the stockholders above their own.

Lastly, we are aware that Delcath maintains a policy that correspondence sent to a Delcath director is first reviewed by Mr. Koly who then decides if the correspondence shall be forwarded to the Delcath director to whom the correspondence is addressed. We hereby demand that this letter be delivered directly to the directors to whom it is addressed.

We look forward to your prompt and stockholder friendly response.

LADDCAP VALUE PARTNERS LP

By: _____

Robert Ladd, in his capacity as the managing member of Laddcap Value Associates LLC, the general partner of Laddcap Value Partners LP

cc:    Robert G. Minion, Esq.
       Jeffrey M. Shapiro, Esq.
       Thomas S. Levato, Esq.
       Richard Bernstein, Esq.
       William J. Haubert, Esq.
       Lisa S. Schmidt, Esq.