# Exhibit 35

LEXSEE 1980 SEC LEXIS 1414

INTERPRETATIVE RELEASE RELATING TO PROXY RULES

SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 16833

*1980 SEC LEXIS 1414*

May 23, 1980

**TEXT:** [*1]

ACTION: Publication of staff interpretation.

SUMMARY: The Securities and Exchange Commission today authorized the issuance of this release reflecting the views of the Division of Corporation Finance (the "Division") with respect to the disclosure in proxy contests where a principal issue in contention is the liquidation of all or a part of the equity of an issuer. These views are being published because of serious concerns regarding the appropriateness and adequacy of the disclosure in this area.

FOR FURTHER INFORMATION CONTACT: Linda C. Quinn, (202) 272-3208, Division of Corporation Finance, Securities and Exchange Commission, Washington, D.C. 20549.

SUPPLEMENTARY INFORMATION: In the past year, a number of proxy contests have been undertaken in which a principal issue in contention, either as the platform of one party's nominees or as a separate shareholder proposal, has been the disposition of some or all of an issuer's assets or outstanding stock with the proceeds to be made available to shareholders. While the proposals have run the gamut from a mere promise to seek a buyer for the issuer's assets or outstanding stock to a commitment to undertake a program of disposition [*2] of assets and distribution of the proceeds realized, each has been based on the premise that the market price of the issuer's securities did not reflect the value that could be realized by its shareholders upon liquidation of all or a part of their investment in the issuer. Whatever form of disposition proposed, the focus has been on the proceeds to be made available to the shareholders, whether by dividend, tender offer, merger, exchange or liquidation distribution. In a number of instances, those sponsoring the proposal have projected the dollar amount per share to be available to shareholders if such proposal is effected.

The Division is concerned that, even when such valuations are the major factor in the solicitation, the usual expectation that the interests of the opposing parties in a contest will generally assure a full airing of the principal issues may not be warranted for reasons peculiar to this arena. Parties to these contests may not engage in a thorough debate of the merits of such valuations for a number of reasons, not the least of which are perceptions of serious risks of liability in attempting to forecast an alternative valuation, and, even if willing to run [*3] such risk, the limited time actually available for the opposing party to consider and make its own estimate of the realizable value likely upon execution of the proposal.

The Division recognizes that the factors constituting a basis for such valuations can, and probably will, vary from case to case, depending on the circumstances and the information available to the person making the valuation. n1 However, the Division wishes to emphasize that the inclusion by the management or opposition of such valuation in its proxy soliciting material is only appropriate and consonant with Rule 14a-9 under the Securities Exchange Act of 1934 when made in good faith and on a reasonable basis and where accompanied by disclosure which facilitates shareholders' understanding of the basis for and the limitations on the projected realizable values. n2 The Division is also concerned that, where the valuations are so qualified and subject to such material limitations and contingencies, inclusion in proxy soliciting material of specific realizable values may be unreasonable.

n1 Where applicable, consideration should also be given to the provisions of Securities Exchange Act Release Nos. 16075 (Going private transactions by public companies or their affiliates) and 15572 (Disclosure in proxy statements containing certain sale of assets transactions).

n2 Guidance may be found in the discussions of projections and other forward looking information contained in Securities Exchange Act Release Nos. 15305 (Guides for disclosure of projections of future economic performance) and 15944 (Safe harbor rule for projections).

[*4]

Further, where material has been prepared and published by an independent party for purposes other than use in connection with the proxy contest and is offered as support for the valuation, reliance on such material must be reasonable and made in good faith. The context and purpose of the original publication of such information, as well as its currency and the qualifications of the original author to publish the material, are among the factors bearing on the reasonableness of such reliance. Care should be taken that information extracted from such material and used in the proxy solicitation document not be extracted out of context. For example, inclusion, where appropriate, of current cost values to support projected net realizable values, without disclosure of the particular nature of this information as reported in the issuer's financial reports, may raise serious questions. n3 The Division also reminds those proposing to use such material that proxy soliciting material consisting of reprints or quotations from previously published articles is subject to the same scrutiny and the same standards of disclosure as any other proxy soliciting material subject to the proxy rules. [*5]

n3 Replacement cost or current cost values, while supported by the Commission as being relevant information to an assessment of an entity's economic value, will not necessarily coincide with future realizable value in the context of a given plan for the disposition of assets. Depending on the program of disposition, various factors, other than those considered in the computation of replacement cost or current cost, may enter into the determination of projected realizable value. Accordingly, values previously disclosed as replacement cost or current cost in an issuer's published financial report should not be used or relied upon indiscriminately for the purpose of projecting realizable value in connection with a proposed program for disposition or liquidation. Substantial care must be taken in determining the propriety of using such values in connection with any discussion or display of amounts purporting to represent estimated realizable value.

The Division is particularly concerned that shareholders be afforded the opportunity to fully understand and evaluate any material limitations on or qualifications of the opinion of any expert, i.e., investment banker, appraiser or [*6] other similar advisor, whose opinion has been sought and is being used to support the projected realizable value of the issuer's assets or outstanding stock or the estimated amount of the proceeds the issuer actually would be able to make available to shareholders in view of its cash needs, etc. Particular care needs to be taken in those instances where there has been limited access to the type of information thought necessary by such expert for the formulation of such an opinion. Where such expertise is relied upon, the proxy soliciting material should detail clearly those inquiries the advisor otherwise normally would have undertaken in formulating such an opinion had it unfettered access to all the information necessary in its view to render such an opinion and should explain the effects of the advisor's inability to make such inquiries on the substance of the opinion rendered. When these explanations constitute a significant qualification of the opinion, the use of such an opinion, or reference to it, outside the context of a complete discussion of the limitations of the review and consequent effect on the opinion, would raise substantial questions under Rule 14a-9. Further, [*7] those proffering such opinions as support for a valuation, as well as those rendering them, are cautioned that there could be circumstances when the valuation is so qualified or subject to such limitations as to raise questions as to the reasonableness of such reliance on the opinion.

Accordingly, 17 CFR Part 241 is amended by adding this release thereto.

By the Commission.