# Exhibit 50



(Official Form B1, P1, 9-01)                Excelsior. Publisher, NYC. 10013

| UNITED STATES BANKRUPTCY COURT      SOUTHERN DISTRICT OF NEW YORK | **Voluntary Petition** |
|---|---|

| | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| NICHOLLS, PAUL W. | |
| | All Other Names used by the joint debtor in the last 6 years (include married, maiden and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all): 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 | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. and street, city, state, zip): 460 W. 49th Street New York, NY 10019 | Street Address of Joint Debtor (No. and Street, City, State, Zip Code): |
| County of Residence or of the Principal Place of Business: NEW YORK | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (If different from street address) c/o Nigel Kent 235 West 48th Street, #17M New York, NY 10036 | Mailing Address of Joint Debtor (If different from street address): |
| Location of Principal Assets of Business Debtor (If different from addresses listed above) | |

### Information Regarding the Debtor (Check the Applicable Boxes)

Venue: (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

| Type of Debtor (Check all applicable box) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| ■ Individual(s) | ☐ Railroad | ■ Chapter 7    ☐ Chapter 11    ☐ Chapter 13 | |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304-Case ancillary to foreign proceeding | |
| ☐ Other | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ■ Consumer/Non-business    ☐ Business | ■ Filing fee attached. |
| **Chapter 11, Small Business** (Check all boxes that apply) | ☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Offical Form No.3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

| Statistical/Administrative Information (Estimates Only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. | |
| ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets (Check one box)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts (Check one box)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |



BlumbergExcelsior, Publisher, NYC  10013

**Official Form B1 P2, 9-01**

---

**Voluntary Petition**

Name of Debtor(s):
NICHOLLS, PAUL W.

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

---

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  _/s/ Paul W. Nicholls_
   Signature of Debtor

X  _____
   Signature of Joint Debtor

   _____
   Telephone Number (if not represented by attorney)
   Date:

### Signature of Attorney

X  _/s/ Myron S. Lehman_
   Signature of Attorney for Debtor(s)

   MYRON S. LEHMAN
   Printed Name of Attorney for Debtor(s)
   LEHMAN LEHMAN & GRUBER

   70 So. Orange Avenue

   Livingston, NJ 07039

   973-740-0770

---

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he or she) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  _/s/ Myron S. Lehman_
   Signature of Attorney for Debtor(s)

---

### EXHIBIT C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.
☐  No

### Signature(s) of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  _____
   Signature of Authorized Individual

   _____
   Print or Type Name of Authorized Individual

   _____
   Title of Authorized Individual by Debtor to File this Petition
   Date:

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. §110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

   _____
   Printed Name of Bankruptcy Petition Preparer

   _____
   Social Security Number

   _____
   Address

Names and Social Security numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X  _____
   Signature of Bankruptcy Petition Preparer
Date:

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. §156.



Excelsior, Publisher, NYC 10013

**Form B6 SUM W (11-95)**

# UNITED STATES BANKRUPTCY COURT    SOUTHERN DISTRICT OF NEW YORK

In re:  NICHOLLS, PAUL W.

                                                                Debtor(s)   Case No.                    (if known)

See summary below for the list of schedules.  Include Unsworn Declaration under Penalty of Perjury at the end.

GENERAL INSTRUCTIONS:  Schedules D, E and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once.  A claim which  is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only.  Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and  J in  the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | X | 1 | 0.00 | | |
| B - Personal Property | X | 3 | 4,050.00 | | |
| C - Property Claimed as Exempt | X | 1 | | | |
| D - Creditors Holding Secured Claims | X | 1 | | 0.00 | |
| Creditors Holding Unsecured | X | 1 | | 0.00 | |
| Creditors Holding Unsecured Nonpriority Claims | X | 2 | | 105,349.75 | |
| Executory Contracts and | X | 1 | | | |
| | X | 1 | | | |
| Current Income of Individual Debtor(s) | X | 1 | | | 3,000.00 |
| Current Expenditures of Individual Debtor(s) | X | 1 | | | 5,079.00 |
| Total Number of Sheets of All Schedules | 13 | | | | |
| | | | 4,050.00 | | |
| Total Liabilities | | | | 105,349.75 | |

**Form B6 A W (12-95)**

Excelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W.                Debtor(s)   Case No.                (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |
| | | | Total -> 0.00 | (Report also on Summary of Schedules) |

Form B6 B W (11-95)

Excelsior. Publisher. NYC 10013

In re: **NICHOLLS, PAUL W.**　　　　　　　　　　　　　Debtor(s)　Case No.　　　　　　　(if known)

## SCHEDULE B - PERSONAL PROPERTY

| | TYPE OF PROPERTY | H W J C | DESCRIPTION AND LOCATION OF PROPERTY | | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|---|
| 1 | Cash on hand | | cash on hand | | 50.00 |
| 2 | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | checking account | | 0.00 |
| 3 | Security Deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 4 | Household goods and furnishings including audio, video, and computer equipment. | | household goods and furnishings | | 2,500.00 |
| 5 | Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6 | Wearing apparel. | | wearing apparel | | 1,500.00 |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)　　Total ->

___X___　　continuation sheets attached

 **Form B6 B W (11-95)**

Excelsior, Publisher, NYC 10013

In re: **NICHOLLS, PAUL W.**                                    Debtor(s)   Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 7  Furs and jewelry. | X | | | |
| 8  Firearms and sports, photographic and other hobby equipment. | X | | | |
| 9  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10  Annuities. Itemize and name each issuer. | X | | | |
| 11  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12  Stock and interest in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13  Interest in partnerships or joint ventures. Itemize. | X | | | |
| 14  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15  Accounts receivable. | X | | | |
| 16  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17  Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19  Contingent and non-contingent interests in estate of a descendent, death benefit plan, life insurance policy or trust. | X | | | |
| 20  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | X | | | |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)   Total ->

___X___   continuation sheets attached



Form B6 B W (11-95)

Excelsior, Publisher, NYC  10013

In re: NICHOLLS, PAUL W.                              Debtor(s)   Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21  Patents, copyrights, and other general intellectual property. Give particulars. | X | | | |
| 22  Licenses, franchises, and other general intangible. Give particulars. | X | | | |
| 23  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24  Boats, motors, and accessories. | X | | | |
| 25  Aircraft and accessories. | X | | | |
| 26  Office equipment, furnishings, and supplies. | X | | | |
| 27  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28  Inventory. | X | | | |
| 29  Animals. | X | | | |
| 30  Crops-growing or harvested. Give particulars. | X | | | |
| 31  Farming equipment and implements. | X | | | |
| 32  Farm supplies, chemicals and feed. | X | | | |
| 33  Other personal property of any kind not already listed. Itemize. | X | | | |

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules)    Total ->    4,050.00

_____  continuation sheets attached

 **Form B6 C W (11-95)**

Excelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W.

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one Box).

☐ 11 U.S.C. § 522(b)(1):  Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | | CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| cash on hand | New York Debt  Cred #283 | 50.00 | 50.00 |
| checking account | New York Debt  Cred #283 | 0.00 | 0.00 |
| household goods and furnishings | New York Debt  Cred #283 | 2,500.00 | 2,500.00 |
| wearing apparel | New York Debt  Cred #283 | 1,500.00 | 1,500.00 |



Form B6 D W (11-95)

BlumbergExcelsior, Publisher, NYC 10013

In re: **NICHOLLS, PAUL W.**                                      Debtor(s)  Case No.                                    (if known)

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| | | | Subtotal -> (Total of this page) | 0.00 | | |
| | | | Total -> | 0.00 | | |

_____ Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.        (Report total also on Summary of Schedules)



Form B6 E W (Rev 4/98)

BlumbergExcelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W.                                        Debtor(s)  Case No.                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4300 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(3)

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $4300 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $1950 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6)

☐ **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

☐ Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(8).

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | C U D * |
|---|---|---|---|---|---|---|
| A/C # | | | | | | |
| A/C # | | | | | | |
| A/C # | | | | | | |

|  |  |
|---|---|
| Subtotal -> (Total of this page) | 0 .00 |
| Total -> (use only on last page of the completed Schedule E.) | |

____X____ Continuation Sheets attached.

(Report total also on Summary of Schedules)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.



**FORM B6F(Official Form6F) (9/97)**   BlumbergExcelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W. ,                                    Case No. _____
_____                                        (if known)
            Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent,place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns).

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5491130366967974 <br> AT&T Universal Card <br> PO Box 8215 <br> So. Hackensack, NJ 07606 | | | | | | | 2,018.00 |
| ACCOUNT NO. <br><br> American Express <br> Suite 0001 <br> Chicago, IL 60679 | | | | | | | 25,000.00 |
| ACCOUNT NO. 059001241021 <br> Bergdorf Goodman <br> PO Box 50900 <br> Dallas, TX 75250 | | | | | | | 700.00 |
| ACCOUNT NO. 30720130 <br> Bloomingdales <br> Collections Dept. <br> 9111 Duke Blvd. <br> Mason, OH 45040 | | | | | | | 2,297.27 |
| ACCOUNT NO. 4305871320076928 <br> Chase Visa <br> Chase Bank Card Services <br> PO Box 52188 <br> Phoenix, AZ 85072 | | | | | | | 6,688.00 |

|  |  | Subtotal | $ 36,703.27 |
|---|---|---|---|
|  |  | Total | $ |

_____X_____ continuation sheets attached.

(Use only on last page of completed Schedule F.)

**FORM B6F**                    BlumbergExcelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W. _____ ,     Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5424180429514596<br>Citibank Mastercard<br>CDSI Urgent Payments<br>111 Sylvan Avenue<br>Englewood Cliffs, NJ 07632 | | | | | | | 18,000.00 |
| ACCOUNT NO. 6011002740667217<br>Discover Card<br>PO Box 3004<br>New Albany, OH 43054 | | | | | | | 50,000.00 |
| ACCOUNT NO. 41013484382<br>Macys<br>Collections Dept.<br>5300 Kings Island Drive<br>Mason, OH 45040 | | | | | | | 505.16 |
| ACCOUNT NO. 905 306 098<br>Shell<br>Citi Cards<br>PO Box 790070<br>Houston, TX 77279 | | | | | | | 141.32 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

|  | | Subtotal | $ | 68,646.48 |
|---|---|---|---|---|
|  | | Total | $ | 105,349.75 |

_____ continuation sheets attached.

(Use only on last page of completed Schedule F.)



Form B6 G W (11-95)

BlumbergExcelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W.

Debtor(s)    Case No.                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |



**Form B6 H W (11-95)**

BlumbergExcelsior, Publisher, NYC 10013

In
re:    NICHOLLS, PAUL W.                                    Debtor(s)    Case No.                    (if known)

## SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |



**Form B6 I W (11-95)**

Excelsior, Publisher, NYC 10013

In re:  NICHOLLS, PAUL W.

Debtor(s)  Case No. _____  (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Marital Status<br>married | NAMES | AGE | RELATIONSHIP |
| | | | |

| Employment | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | business development consultant | |
| Name of Employer | self-employed | |
| How long employed | | |
| Address of Employer | | |

Income: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary,and commissions (pro rate if not paid monthly.) | 3,000.00 $ | 0.00 |
| Estimate monthly overtime | 0.00 | 0.00 |
| SUBTOTAL | 3,000.00 $ | 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| d. Other (Specify) | | |
| | 0.00 | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | 0.00 $ | 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | 3,000.00 $ | 0.00 |
| | | |
| Regular income from operation of business or profession or farm | | |
| (attach detailed statement) | 0.00 | 0.00 |
| Income from real property | 0.00 | 0.00 |
| Interest and dividends | 0.00 | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's | | |
| use or that of dependents listed above. | 0.00 | 0.00 |
| Social security or other government assistance (Specify) | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| Pension or retirement income | 0.00 | 0.00 |
| Other monthly income (Specify) | | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| TOTAL MONTHLY INCOME | $ 3,000.00 $ | 0.00 |

TOTAL COMBINED MONTHLY INCOME          $ _____3,000.00     (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:


Form B6 J W (11-95)

BlumbergExcelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W.                                    Debtor(s)  Case No.                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

Rent or home mortgage payment  (include lot rented for mobile home)                                     $    2,500.00

Are real estate taxes included?  ☑ Yes  ☐ No      Is property insurance included?      ☑ Yes  ☐ No

| | |
|---|---|
| Utilities  Electricity and Heating Fuel | 62.00 |
| | 25.00 |
| | 160.00 |
| Cable TV | 126.00 |
| | 0.00 |
| | 0.00 |
| Home maintenance (repairs and upkeep) | 50.00 |
| | 600.00 |
| | 50.00 |
| Laundry and dry cleaning | 50.00 |
| Medical and dental expenses | 50.00 |
| Transportation (not including car payments) | 120.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | 0.00 |
| Charitable contributions | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | 0.00 |
| Life | 0.00 |
| Health | 286.00 |
| Auto | 0.00 |
| Other | |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) | 1,000.00 |
| | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | $ |
| Auto | $  0.00 |
| Other | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| Alimony, maintenance, and support paid to others | 0.00 |
| Payments for support of additional dependents not living at your home | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | 0.00 |
| Other | |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $  5,079.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | 0.00 |
| B. Total projected monthly expenses | 0.00 |
| C. Excess income (A minus B) | $  0.00 |
| D. Total amount to be paid into plan each | $  0.00 |
| (Interval) | |



Form 7W Stmt. of Financial Affairs (12-95)          Excelsior, Publisher, NYC 10013

# STATEMENT OF FINANCIAL AFFAIRS

### UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

NICHOLLS, PAUL W.

Debtor(s)    Case No.

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business within the last 6 years, as defined below, also must complete Questions the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

---

NONE

| | 1. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|--------|---------|
| 21,000.00 | 2002 income |
| 50,000.00 | 2001 income |
| 80,000.00 | 2000 income |

NONE

|X| 2. INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the amount of income received by the debtor other than employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **3A. PAYMENTS TO CREDITORS**

    List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **3B. PAYMENTS TO CREDITORS**

    List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **4A. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS**

    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **4B. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS**

    Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **5. REPOSSESSIONS, FORECLOSURES, AND RETURNS**

    List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **6A. ASSIGNMENTS AND RECEIVERSHIPS**

    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **6B. ASSIGNMENTS AND RECEIVERSHIPS**

    List all property which has been in the hands of a custodian, receiver, or court appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **7. GIFTS**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **8. LOSSES**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
| | **9. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Lehman Lehman & Gruber | | $800.00 |

NONE
|X| **10. OTHER TRANSFERS**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **11. CLOSED FINANCIAL ACCOUNTS**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **12. SAFE DEPOSIT BOX**

List each safe deposit or other box or depository in which the debt has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **13. SETOFFS**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X|  **14. PROPERTY HELD FOR ANOTHER PERSON**

List all property owned by another person that the debtor holds or controls.

NONE
|X|  **15. PRIOR ADDRESS OF DEBTOR**

If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

NONE
|X|  **16. SPOUSES AND FORMER SPOUSES**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides with the debtor in the community property state.

NONE
|X|  **17A. ENVIRONMENTAL INFORMATION**

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

NONE
|X|  **17B. ENVIRONMENTAL INFORMATION**

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE
|X|  **17C. ENVIRONMENTAL INFORMATION**

List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NONE
|X|  **18A. NATURE, LOCATION, AND NAME OF BUSINESS**

If the debtor is an individual, list the names, addresses, taxpayer indentification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

NONE
|X|  **18B. NATURE, LOCATION, AND NAME OF BUSINESS**

Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.



Excelsior, Publisher, NYC 10013

**Form B8 (Official Form8) (9 /97)**

### Form 8. INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

UNITED STATES BANKRUPTCY COURT                SOUTHERN **DISTRICT OF** NEW YORK

In re:    NICHOLLS,  PAUL W.

Debtor(s)    Case No.    (if known)
Chapter  7

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

   *a. Property to Be Surrendered.*
   **Description of property**

   *b. Property to Be Retained.*                    *[Check any applicable statement.]*

   Description of Property

Date:

/s/ Paul W. Nicholls
NICHOLLS,  PAUL W. Signature of Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (SEE 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____                    _____
Printed or Typed Name of Bankruptcy Petition Preparer                    Social Security No.

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____                    _____
   Signature of Bankruptcy Petition Preparer                    Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

3085W Stmt of Comp.:
Rule 2016(b) (12-95)

Excelsior, Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT    SOUTHERN DISTRICT OF NEW YORK

In
re:  NICHOLLS, PAUL W.

Debtor(s)   Case No.                    (if known)

## STATEMENT

### Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)  The undersigned is the attorney for the debtor(s) in this Case.

(2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a)  for legal services rendered or to be rendered in comtemplation of and in connection

       with this case                                                                                                $      2,500.00

    (b)  prior to filing this statement, debtor(s) have paid                                  $        800.00

    (c)  the unpaid balance due and payable is                                                        1,700.00

            200.00        of the filing fee in this case has been paid.

(4)  The services rendered or to be rendered include the following:

    (a)  analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a

       petition under title 11 of the United States Code.

    (b)  preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c)  representation of the debtor(s) at the meeting of creditors.

(5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services

    performed, and

(6)  The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from

    earnings, wages and compensation for services performed, and

(7)  The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

(8)  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,

    any compensation paid or to be paid except as follows:

Dated:                          Respectfully submitted,  /s/ Myron S. Lehman          Attorney for Petitioner
                                                          MYRON S. LEHMAN

Attorney's name and address    Lehman Lehman & Gruber, 70 So. Orange Avenue, Livingston, NJ

Blumberg's Law Products
Established 1897

**Unsworn Declaration SFA**
**W (11-95)**

Excelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W.

Debtor(s)    Case No.                    (if known)

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

### DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature _/s/ Paul W. Nicholls_____
              NICHOLLS, PAUL W.              Debtor

Date _____

Signature_____
                              (Joint Debtor, if any)
(if joint case, both spouses must sign.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy Petition Preparer

_____
Address

_____
Social Security Number

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.
X
_____          _____
Signature of Bankruptcy Petition Preparer                    Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____(corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs, consisting of _____sheets, and that they are true and correct to the best of my knowledge, information, and belief.
Continuation sheets attached

Date _____

Signature_____

(Print or type name of individual signing on behalf of debtor.)
(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY
Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571

Form B6 Cont. W (11-95)

Excelsior, Publisher, NYC 10013

In re: NICHOLLS, PAUL W.

Debtor(s) Case No.                    (if known)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and

that they are true and correct to the best of my knowledge, information, and belief.                    (Total shown on summary page plus 1.)


Date                                Signature /s/ Paul W. Nicholls _____
                                             NICHOLLS, PAUL W.                    Debtor

Date                                Signature _____
                                                              (Joint Debtor, if any)
                                    (if joint case, both spouses must sign.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have
provided the debtor with a copy of this document.


_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security Number

_____
Address

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X /s/ Myron S. Lehman _____          _____
Signature of Bankruptcy Petition Preparer

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines
or imprisonment or both.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation
or a member or an authorized agent of the partnership) of the _____(corporation or partnership)
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)


Date                                Signature_____

                                             (Print or type name of individual signing on behalf of debtor.)
            (An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years
or both. 18 U.S.C. § 152 and 3571.

AT&T Universal Card
5491130366967974
PO Box 8215
So. Hackensack, NJ 07606


American Express

Suite 0001
Chicago, IL 60679


Bergdorf Goodman
059001241021
PO Box 50900
Dallas, TX 75250


Bloomingdales
30720130
Collections Dept.
9111 Duke Blvd.
Mason, OH 45040

Chase Visa
4305871320076928
Chase Bank Card Services
PO Box 52188
Phoenix, AZ 85072

Citibank Mastercard
5424180429514596
CDSI Urgent Payments
111 Sylvan Avenue
Englewood Cliffs, NJ 07632

Discover Card
6011002740667217
PO Box 3004
New Albany, OH 43054


Macys
41013484382
Collections Dept.
5300 Kings Island Drive
Mason, OH 45040

Shell
905 306 098
Citi Cards
PO Box 790070
Houston, TX 77279

**United States Bankruptcy Court**
**Southern District of New York**
**Manhattan Division**
**One Bowling Green**
**New York, NY 10004-1408**

IN RE(NAME OF DEBTOR(S)):
Paul W. Nicholls
SSN/TAX ID:  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

CASE NUMBER: 02 - 14987 (pcb)
CHAPTER: 7

**DISCHARGE OF DEBTOR**
**ORDER OF FINAL DECREE**

A petition under title 11, United States Code was filed by or against the Debtor(s) on October 8, 2002; an order for relief was entered under chapter 7; no order denying a discharge has been granted. The Debtor's estate has been fully administered.

**IT IS ORDERED THAT:**

1. The Debtor is released from all dischargeable debts.

2. Any judgment not obtained in this court is null and void as to the personal liability of the Debtor(s) regarding the following:

    (a) debts dischargeable under 11 U.S.C. § 523(a);

    (b) debts alleged to be excepted from discharge under 11 U.S.C. § 523(a)(2),(4),(6) or (15) unless determined by this court to be nondischargeable;

    (c) debts determined by this court to be discharged.

3. All creditors whose debts are discharged by this order or whose judgments are declared null and void in 2 above, are enjoined from instituting or continuing any action, employing any process or engaging in any act to collect such debts as personal liabilities of the Debtor(s).

4. Hal M. Hirsch  is discharged as the Trustee of the Debtor's estate and the bond is cancelled. The chapter 7 case of the Debtor(s) is closed.

Dated: February 21, 2003
New York, New York

The Honorable Prudence Carter Beatty
_____
UNITED STATES BANKRUPTCY JUDGE