# Exhibit 63

RETURN DATE: August 29, 2006
DOCKET NO. _____

---------------------------------x
DELCATH SYSTEMS, INC.                    : SUPERIOR COURT
            Plaintiff,                :
                                          : JUDICIAL DISTRICT OF
    v.                                  : STAMFORD/NORWALK
                                          :
JONATHAN FOLTZ,                           : AT STAMFORD
                                          :
            Defendant.                : AUGUST 4, 2006
                                          :
---------------------------------x

## RULE 4-5 AFFIDAVIT OF M.S. KOLY

I, M.S. Koly, being duly sworn, hereby depose and say:

    1. I am Chief Executive Officer, President and Treasurer of the plaintiff, Delcath Systems, Inc. ("Delcath"). I submit this Affidavit pursuant to Rule 4-5(a)(3) of the Connecticut Practice Book in support of Delcath's Application for Ex Parte Immediate Temporary Injunction dated August 4, 2006 (the "Application"). I have personal knowledge of the facts set forth in this Affidavit, and I am competent to testify thereto based on my knowledge.

    2. Delcath is seeking an *ex parte* temporary injunction against Jonathan Foltz ("Foltz") to enjoin him from disclosing, disseminating and/or using any of Delcath's

computer information, confidential and proprietary information, trade secrets, and proprietary data, disks, documents, or other information obtained from Delcath. Providing Foltz with notice of the Application would wholly frustrate the purpose of the requested relief.

3. I hereby certify that there are facts establishing good cause why Delcath should not be required to provide notice to Foltz as set forth herein.

4. As is more fully set forth in Delcath's Verified Complaint, dated August 4, 2006, Foltz intentionally misappropriated and destroyed certain of Delcath's computer, proprietary and trade secret information.

5. While senior management closely supervised and controlled all of his activities, Foltz's responsibilities encompassed all aspects of Delcath's business. In order to fulfill these responsibilities, Foltz was given *carte blanche* to all company trade secrets, proprietary and confidential information, documents, and records. His myriad responsibilities included:

- Working side-by-side with Delcath's team of inventors to further develop, enhance, and improve upon Delcath's existing medical technologies and products, and to develop entirely new technologies and products;

- Representing Delcath in meetings with company patent counsel in connection with Delcath's technologies;

- Visiting and meeting with medical and scientific technicians at the various clinical sites where Delcath products are tested, including those in which Delcath's drug delivery system testing is currently underway;

- Understanding and developing the various protocols for controlling and measuring the product testing, which forms the lifeblood of a development stage company such as Delcath;

- Working side-by-side with other Delcath developers to enhance the ability of filters within the Delcath delivery system to remove chemotherapy agents from the body;

- Negotiating on Delcath's behalf confidentiality agreements entered into with the company's clients; and

- Acquiring access to all of Delcath's trade secrets, including the entirety of plaintiff's medical trials and tests, including the SPA (as described in the Verified Complaint), its sole supplier relationships, its communications with the FDA, communications and negotiations with all third parties, misappropriated and destroyed certain of Delcath's computer, proprietary and trade secret information.

6. Throughout his employment, Foltz was provided with and had access to virtually all of Delcath's non-public, confidential, proprietary, and trade secret business data and information. Without limiting the generality of the foregoing, the information Foltz had access to includes trade secrets, business plans, product development plans, FDA approval plans, the status of pending FDA approvals, research, clinical trials, data and tests, attorney client privileged information related to current and future patent information and plans, client information, vendor information and component

3

specifications, and Delcath's drug delivery system which is currently under development (the "Confidential Information").

7. Laddcap Value Partners LP, Laddcap Value Advisors LLC, and Laddcap Value Associates LLC (collectively, "Laddcap") are a group of affiliated investment vehicles governed by the laws of Delaware with their principal place of business in New York. Laddcap has been steadily purchasing shares of Delcath's stock and currently holds over 11 percent of Delcath's outstanding shares of stock, according to Laddcap's Schedule 14A filed with the SEC on August 1, 2006 (the "August Consent Solicitation").

8. Based upon various communications, correspondence and Laddcap's SEC filings, most recently the August Consent Solicitation, Laddcap has recently been attempting to gain corporate control of Delcath.

9. Based upon everything I know about the circumstances discussed herein, I believe that for the past several weeks Foltz has been improperly and surreptitiously divulging Delcath's Confidential Information to Laddcap, including information regarding the SPA. In fact, Laddcap recently announced in its August Consent Solicitation its intent to install Foltz as a member of the Delcath board of directors. This disclosure indicates to me that Foltz and Laddcap have been working together on the corporate takeover for a substantial period of time.

4

10. Just prior to his abrupt resignation, Foltz appeared to step up his efforts to further accumulate and misappropriate Delcath's trade secrets. As reported to me by Delcath employees, Foltz's actions included:

(a) The day before he resigned, Foltz traveled to and met with plaintiff's intellectual property attorneys to discuss plaintiff's current and future affairs;

(b) On the train home from plaintiff's attorneys, Foltz repeatedly excused himself and left the side of his co-worker and took cellular phone calls in private;

(c) Upon his return to plaintiff's offices, Foltz obliterated various of Delcath's electronic files.

11. Based on these actions, on July 31, 2006, Delcath's attorneys performed a computer search which revealed that Foltz began his own Limited Liability Company less than two months ago. The title of this company is unknown but state records indicate its business address is the same as Foltz's home address. Foltz is listed as the sole member, manager and partner.

12. Foltz's recent creation of his own company may indicate that Foltz is creating and/or arming a Delcath competitor using Delcath's own Confidential Information.

13. Plaintiff has acted reasonably and diligently to keep secret and confidential its Confidential Information, because it is economically valuable and derives economic value from not being known to Plaintiff's competitors. Indeed, Foltz is well aware of these efforts as he himself participated in the negotiation and execution of a number of confidentiality agreements with third parties that worked with Delcath.

14. In light of the forgoing, it is vital that the true nature and extent of Foltz's misappropriation and deceptive acts be discovered. Given that Foltz already has surreptitiously and suspiciously deleted e-mails and computer files on Delcath's computer, it is highly probable that Foltz will destroy -- or perhaps already has destroyed -- other evidence of his improper conduct. As such, Delcath requests that this Court permit the immediate copying of the hard drive and other information on Foltz's home computer(s) to preserve the files, e-mails and documents contained thereon for use in this litigation. Absent such relief, Delcath will be deprived of learning the true extent and nature of Foltz's misappropriations and will be irreparably harmed if such evidence is willfully destroyed by Foltz.

_____
M.S. Koly

Sworn and subscribed to on this 3RD day of August, 2006.

JESSICA L. WHITE
NOTARY PUBLIC
MY COMMISSION EXPIRES 10-31-2010
ACCOUNT NO. 143012

_____
Notary Public
Commissioner of the Superior Court

7