# Exhibit 64

RETURN DATE: August 29, 2006
DOCKET NO. _____

|  |  |
|---|---|
| DELCATH SYSTEMS, INC. | SUPERIOR COURT |
| Plaintiff, |  |
| v. | JUDICIAL DISTRICT OF STAMFORD/NORWALK |
| JONATHAN FOLTZ, | AT STAMFORD |
| Defendant. | AUGUST 4, 2006 |

### ORDER FOR AN IMMEDIATE *EX PARTE* TEMPORARY INJUNCTION AND ORDER TO SHOW CAUSE

WHEREAS, the foregoing Verified Complaint with prayer and application for temporary injunction, Affidavits of M.S. Koly, Geoffrey R. Ingalls, Lara S. Corrente and Carlos Cordova, and an Application for Ex Parte Immediate Temporary Injunction and Order to Show Cause, have been presented to me, a Judge of the Superior Court, now being in session, and

WHEREAS, upon application of the plaintiff for an immediate temporary injunction it appears to the undersigned authority that an *ex parte* immediate temporary injunction ought to issue, and that for good cause shown, the undersigned is of the opinion that the temporary injunction ought to issue without a bond, and

WHEREAS, upon application of the plaintiff for an immediate temporary injunction it appears to the undersigned that immediate and irreparable injury will result to the plaintiff prior to a hearing unless the requested immediate temporary injunction is granted forthwith,

NOW, THEREFORE, this Court grants the plaintiff's application for a immediate temporary injunction and it is hereby ORDERED:

1. _James Fogarty, Esq._ is appointed as the Court's custodian (the "Custodian") with the power to supervise and monitor the effectuation and enforcement of this Order, and to safeguard any and all information obtained from Defendant Jonathan Foltz ("Foltz"), subject to further order of this Court.

2. The Custodian is granted leave, upon service of this Court's order and in the company of a Sheriff, to do the following:

   A. Enter into all premises, wherever located, in which a computer or other data storage device is owned, possessed, or used by Foltz, including without limitation his residence at 80 Ridgefield Road, Wilton, Connecticut;

B. Exercise temporary control of all computers, disks, documents, tapes, CD-ROMs, DVDs, or other storage media located in all such premises;

C. Copy, in a reasonably expeditious manner, all data or other files located on any of the computers or storage media located in all such premises;

D. Remove and maintain such copies of the data and other files copied from Foltz's premises subject to further Order of Court.

3. The Custodian is authorized to retain a reputable computer expert company to assist him in effectuating this Order.

4. All fees, expenses and costs incurred by the Custodian (including without limitation the retention of the aforementioned computer expert company) shall be borne by Delcath.

5. Foltz is temporarily enjoined from disclosing, disseminating and/or using any of Delcath's records or electronic data concerning or relating to proprietary information, confidential information, trade secrets, data, disks, documents, or other information obtained by Foltz during or in connection with his employment with and/or consulting for Delcath, including but not limited to, business plans, product development

3

plans, FDA approval plans, the status of the pending FDA approvals, research, clinical trials, data and test, attorney client privileged information including related to current and former patent information and plans, client information, vendor information and component specifications, and Delcath's drug delivery system which is currently under development (the "Confidential Information") or written documents of any kind that are in the defendant's possession or control until such time as the court hears the parties on plaintiff's prayer for a temporary injunction.

6. Foltz is temporarily enjoined from destroying, removing, transferring, damaging or compromising any records or electronic data concerning or relating to proprietary information, confidential information or trade secrets obtained by defendant during or in connection with his employment by Delcath, including but not limited to, the Confidential Information or written documents of any kind that are in the defendant's possession or control until such time as the court hears the parties on plaintiff's prayer for a temporary injunction.

7. Foltz is summoned to appear before the Superior Court for the Judicial District of Stamford at 123 Hoyt Street, Stanford, Connecticut on August _21_, 2006 at _9_:_30_ _a_.m., then and there to show cause why the *ex parte* immediate temporary injunction issued against him should not be extended.

8. Further Ordered: The Custodian is not authorized to copy any non-discoverable information, data or documents.

4

Dated at Stamford, Connecticut, this 4th day of August, 2006.

BY THE COURT

_____
A Judge of the Superior Court

5