**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DELCATH SYSTEMS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) **Civil No. 1:06CV01391 (RBW)** |
| | ) |
| **v.** | ) |
| | ) |
| **ROBERT LADD,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION FOR TRANSFER OF ACTION

Pursuant to 28 U.S.C. § 1404(a) and Rule 7 of the Local Civil Rules of this Court, Defendants Robert Ladd, LADDCAP Value Partners LP, LADDCAP Value Advisors LLC and LADDCAP Value Associates LLC, respectfully move this Court to transfer this action to the United States District Court for the Southern District of New York or the District of Connecticut. The grounds for this motion are set forth in the attached Memorandum of Points and Authorities, which is incorporated by reference herein. A proposed Order is also attached.

**LCvR 7(m) statement:** At approximately 3:00 p.m. on August 14, 2006, undersigned counsel for Defendants spoke with Plaintiff's counsel, Adam Offenhartz, to request his consent to this motion. Mr. Offenhartz stated that the Plaintiff could not agree to the motion at this time.

**Request for oral hearing:** Defendants request an oral hearing on this motion.

WHEREFORE, Defendants respectfully request that their motion be granted.

Respectfully submitted,

Robert Ladd, LADDCAP Value Partners LP, LADDCAP Value Advisors LLC, and LADDCAP Value Associates LLC

By Counsel:


_____/s/_____
Robert P. Trout
(D.C. Bar No. 215400)
Gloria B. Solomon
(D.C. Bar No. 358880)
TROUT CACHERIS, PLLC
Suite 300
1350 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 464-3300
Fax:  (202) 464-3319

Steven M. Hecht
Sally J. Mulligan
Paul W. Horan
LOWENSTEIN SANDLER, PC
1251 Avenue of the Americas
18th Floor
New York, New York 10020
Phone: (646) 414-6902
Fax: (973) 597-2381

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of August, 2006, I served a copy of the foregoing Motion, together with the attached Memorandum of Points and Authorities and proposed Order, by ECF on the attorneys who have supplied their EMail address to the Court.

_____/s/_____
Robert P. Trout

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DELCATH SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil No. 1:06CV01391 (RBW)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROBERT LADD,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER**

Defendants Robert Ladd, Laddcap Value Partners LP, Laddcap Value Advisors LLC and Laddcap Value Associates LLC (collectively, the "Laddcap Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to transfer.

**PRELIMINARY STATEMENT**

This is a dispute between, on the one hand, a publicly-traded Delaware company with its place of business in Stamford, Connecticut, and on the other hand one of the company's principal investors, which is located in New York, New York. The crux of the dispute concerns the propriety of the Laddcap Defendants' conduct in asserting their right as shareholders to put in place a board of directors that they believe will most effectively discharge its duties in overseeing the plaintiff's business. The vast majority of events giving rise to this dispute unsurprisingly occurred mostly in New York, with the remainder occurring in Connecticut.

Any observer of this dispute would have predicted that its resolution would take place either in the Southern District of New York or in the District of Connecticut. Instead, without any apparent factual predicate, Plaintiff chose to file its complaint in this Court, a venue that has almost no connection to the parties or to the events that give rise to the lawsuit. This Court, simply put, is not a convenient venue for litigating this case. This Court has broad discretion, however, to transfer the case to a more convenient venue, which in this instance would be the

Southern District of New York or the District of Connecticut, which has connections to the relevant parties and events as well. For the reasons below, the Court should exercise that discretion and transfer the case.

## STATEMENT OF FACTS

The allegations of the Complaint need not be repeated in detail for purposes of this motion. Plaintiff Delcath Systems, Inc. ("Delcath") is a publicly-traded Delaware company with principal place of business in Stamford, Connecticut. Complaint ¶ 26. The Laddcap Defendants are Robert Ladd, an individual residing in New York, and certain investment entities he manages, which all have their principal place of business in New York, New York. Complaint ¶ 27; Declaration of Robert Ladd ("Ladd Decl.") (attached hereto) at ¶ 1-2. The Laddcap Defendants are holders of a significant amount of Delcath's stock.

This dispute arises from a proxy solicitation campaign undertaken by the Laddcap Defendants, by which they seek to replace Delcath's existing board of directors with a slate of directors that the Laddcap Defendants believe would be more successful in overseeing Delcath's business. Although the details of the Laddcap Defendants' allegedly wrongful conduct are not relevant to this motion, what is critical to this motion is that nearly all of the Laddcap Defendants' conduct about which Delcath complains took place in Manhattan and was directed either at Delcath board, located in Connecticut, or, in the case of solicitation materials, at Delcath's shareholders, who are located nationwide. Ladd Decl. at 3. Indeed, the only possible reason that the Laddcap Defendants can even fathom why this lawsuit has been filed here in the District of Columbia is that they have filed reports and other materials with the Securities and Exchange Commission (the "SEC"), although even that conduct has a tenuous connection to the District of Columbia, as the filing is done electronically.

Nevertheless, apparently relying on this very thin reed based on the Laddcap Defendants' SEC filings, Delcath filed the Complaint in this Court on August 4, 2006. As discussed below, given the scope of the special venue provisions of the Securities and Exchange Act of 1934 (the "Exchange Act"), this Court is arguably a *permissible* venue for trying this case. However,

given that the parties, their witnesses, their documentary evidence, and most of their lawyers are located in the Southern District of New York or the District of Connecticut, and that all of the conduct that allegedly gives rise to Delcath's claims occurred in the Southern District of New York and the District of Connecticut, there is little doubt that the Southern District of New York and the District of Connecticut are *more convenient* forums than this Court.

Accordingly, for the reasons set forth below, the Laddcap Defendants respectfully submit that this case should be transferred to the Southern District of New York or the District of Connecticut.

## ARGUMENT

### THIS ACTION SHOULD BE TRANSFERRED TO NEW YORK OR CONNECTICUT

**I        The Court Has Broad Discretion To Transfer This Action To An Appropriate Forum.**

Motions to transfer are governed by 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might be brought."  Because "it is perhaps impossible to develop any fixed general rules on when cases should be transferred," a district court's inquiry on a motion to transfer "is a factually analytical, case-by-case determination of convenience and fairness."  SEC v. Savoy Indus., 587 F.2d 1149, 1154 (D.C. Cir. 1979) (citations omitted).  The exercise of the power to transfer under Section 1404(a) "is committed to the sound discretion of the district court."  SEC v. Ernst & Young, 775 F. Supp. 411, 413 (D.D.C. 1991) (citations omitted).  Although the origins of Section 1404(a) trace to the doctrine of *forum non conveniens*, courts have broader discretion to transfer under § 1404(a) than they have to dismiss on grounds of *forum non conveniens*.  Savoy, 587 F.2d at 1154 (citation omitted).  Accordingly, "a transfer is available upon a lesser showing of inconvenience than that required for a *forum non conveniens* dismissal."  Id. (citations and internal quotation marks omitted).

In exercising its discretion, a court requires two showings from a defendant seeking transfer. First, the defendant must establish that the action originally could have been brought in the proposed transferee district. Van Dusen v. Barrack, 376 U.S. 612, 616-17, 84 S.Ct. 805, 809 (1964). Once that showing is made, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that court. Trout Unlimited v. Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996). This Court has identified a number of factors to be considered in making that determination, which it is has separated into categories of private and public interests. The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the proposed venues; and (6) the ease of access to sources of proof. Thayer/Patricof Educ. Funding LLC v. Pryor Res., 196 F. Supp.2d 21, 31-32 (D.D.C. 2002)(citations omitted). The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. Id.

As described below, there can be no dispute that this action could have been brought either in the Southern District of New York or in the District of Connecticut. Accordingly, the propriety of transfer to either of those courts should be determined based on the private and public interests at stake. Because none of the parties has any but the most superficial links to the District of Columbia and on the contrary have deep ties to New York, Connecticut, or both, and because all of the relevant events occurred in New York City or in Connecticut, both the private and public interests weigh strongly in favor of transfer.

This case is on all fours with a long-standing ruling from this District, Comptroller v. Calhoun First National Bank, 626 F. Supp. 137 (D.D.C. 1985), and the motion to transfer should therefore be granted, as it was in that case. In Calhoun, the Comptroller of the Currency brought

an action for a preliminary injunction against a national banking association located in Georgia, as well as the bank's chairman and principal shareholder, seeking injunctive relief to remedy alleged violations of the federal securities laws. Calhoun, 626 F. Supp. at 138. Both defendants responded by filing a series of preliminary motions, including motions to transfer venue to the Northern District of Georgia, which the court granted.[1]

In Calhoun, the Comptroller of the Currency -- a federal agency with authority to administer and enforce the reporting and proxy provisions of the Exchange Act -- requested a preliminary injunction against the bank and its chairman and principal shareholder to restrain the defendants "from further violations of the reporting and proxy provisions" of the Exchange Act, alleging that the defendants had violated and continued to violate the securities laws by, among other things, "failing to disclose material information to [the bank's] shareholders in the bank's proxy solicitation statements." Calhoun, 626 F. Supp. at 138. There, as here, plaintiff alleged that defendants violated section 14(a) of the Exchange Act by their alleged failure to disclose material information in its proxy solicitation statements. Id., n. 4. There, as here, the relief sought was an injunction to restrain the defendants from issuing proxy materials and annual reports in the future which contained the alleged material omissions, and to require the defendants to amend the allegedly misleading proxy materials to include the material information previously omitted. Id., at 139.

In Calhoun, as here, the defendants contended that the action more properly belonged in the forum in which they did business (there, the Northern District of Georgia), because the transactions underlying the alleged securities violations all occurred there; all but one prospective witness resided there; all original documents were located there; and several other legal actions had already been instituted there. The defendants also argued that their principal place of business was in Georgia, and that it would be extremely disruptive to the bank's

---

[1]    The court noted that although the defendants had also filed a series of other preliminary motions, it left resolution of the remaining motions to the transferee court after granting the motion to transfer venue. Calhoun, 626 F. Supp. at 138.

business and inconvenient to try the case in this District.  Calhoun, 626 F. Supp. at 140 (citing SEC v. Page Airways, 464 F. Supp. 461, 463-64 (D.D.C. 1978)).

In analyzing the Section 1404(a) considerations, the Court found it "worthwhile to note" that "although venue is proper in the District of Columbia, there is no factual nexus between this case and the District of Columbia other than that the filings were made at the office of the Comptroller here."  Calhoun, 626 F. Supp. at 140, n. 8.  Moreover, the Court noted that "some decisions in this Circuit suggest that the plaintiff's choice of forum is no longer entitled to a great deal of weight . . . particularly when there is an insubstantial factual nexus with the plaintiff's choice."  Id., n. 9 (citations omitted).

The Comptroller argued that convenience should carry little weight because the case would be largely a documentary one and would require a minimum of live testimony, but the Court rejected that argument and found that the underlying facts necessary to the element of disclosure were hotly contested and thus depended on testimony for resolution.[2]  Id. at 140-41. In granting the motion to transfer venue, the Court also rejected the plaintiff's assertion that the transfer would interfere with its claim for speedy relief, finding no reason to believe that a transfer would make any difference; there had not been any evidence that docket congestion existed in the transferee court which might delay trial, or that the litigation in this Court had advanced to such a stage that transfer would result in delay.  Id., n. 16.

Accordingly, given the nearly identical set of facts and circumstances between Calhoun and the instant matter, the motion to transfer venue should be granted.

---

[2]    The court also found it significant that there were several related actions already pending in Georgia, and that a transfer to that district would thus facilitate pretrial discovery.  While there is an apparently related action now pending in the District of Connecticut, Defendants believe that the many other reasons for transfer are sufficient to warrant moving this action to New York or Connecticut without consideration of that factor.

**A.    This Action Could Have Been Brought In The Southern District Of New York Or In The District Of Connecticut.**

Though Defendants do not dispute that the District of Columbia is a permissible venue for this action, it also cannot be disputed that both New York and Connecticut also are permissible venues.  Plaintiff purports to base its choice of this forum on both Section 27 of the Exchange Act, 15 U.S.C. § 78aa -- a jurisdiction and venue provision specific to the Exchange Act -- and on the general federal venue provisions codified in 28 U.S.C. § 1391(b), but only Section 27 is relevant to the current inquiry.  See, e.g., CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc., 309 F. Supp. 2d 637, 644 (D.N.J. 2004) ("The venue provision of primary importance in cases brought under the [Exchange Act]… is not 28 U.S.C. § 1391(b), but rather 15 U.S.C. § 78aa.").  The Court's discretion to transfer under Section 1404(a), however, is not circumscribed by the fact that Section 27 governs the question of permissible venues, as Section 1404(a) applies to actions governed by special venue provisions, including Section 27.  Ernst & Young, 775 F. Supp. at 413, citing Savoy, 587 F.2d at 1153.

Section 27 provides, in pertinent part:

> Any criminal proceeding may be brought in the district wherein any act or transaction constituting the [Exchange Act] violation occurred.  Any suit or action to enforce any liability or duty under this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district where the defendant is found or is an inhabitant or transacts business.

15 U.S.C. § 78aa.  Thus, a civil action alleging violation of the Exchange Act can be brought either in a district where any action constituting the alleged violation occurred, or in a district where the defendant is found, is an inhabitant, or transacts business.

Even if it is true that the Laddcap Defendants' filing of documents with the SEC would permit venue to be established in this District, other permissible venues include New York and Connecticut.  New York is a permissible venue both because the principal alleged acts that form the basis of Plaintiff's claims -- making false or misleading statements -- occurred in New York, and because New York is Defendants' principal place of business and the forum in which the

Defendants can be found.  Ladd Decl. at ¶¶ 1-2.  Connecticut is a permissible venue for similar reasons.  First, at least some of the alleged wrongdoing occurred in Connecticut.  For example, Plaintiff complains that Defendants have pursued their consent solicitation despite constructive negotiations between Defendants and Plaintiff's management in early- to mid-July that appeared to result in an agreement between the parties.  Complaint ¶¶ 55-57.  Those negotiations allegedly occurred by telephone, with Plaintiff's management in Connecticut.  Id.

B.    **Considerations Of Convenience And Justice Support The Transfer Of This Action To New York Or To Connecticut.**

Because there can be no dispute that Plaintiff could have brought this action in either the Southern District of New York or in Connecticut, the Court may exercise its discretion and transfer the action to either venue if transfer is supported by considerations of convenience and justice, as determined by weighing of relevant public and private factors.  Here, both the public and private factors weigh in favor of transfer.  Indeed, although some of the factors are neutral (i.e., they do not militate in favor of or against transfer), most factors weigh heavily in favor of transfer, and the only one that weighs against transfer is afforded little weight in these circumstances.

1.    **The Private Interests of the Parties Weigh in Favor of Transfer.**

(a)    **Plaintiff's Choice Of Forum Should Be Given Little Consideration Because This Is Not Plaintiff's Home Forum.**

Although a court should typically give some deference to a plaintiff's choice of forum, it may give substantially less deference when the forum preferred by the plaintiff is not his home forum.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S.Ct. 252, 266 (1981); Kotan v. Pizza Outlet, Inc., 400 F. Supp.2d 44, 49 (D.D.C. 2005) (citations omitted).  Thus, in Kotan, the plaintiffs were a Maryland resident and a Maryland corporation with its offices in Maryland.  Kotan, 400 F. Supp.2d at 49-50.  Despite the proximity of Maryland to the District of Columbia, "the plaintiffs' home forum [was] nonetheless the District of Maryland."  Id.  Accordingly, the court "afford[ed] the plaintiffs' choice of forum a low level of deference" and, in light of that and

other factors -- including a forum selection clause in a contract between the parties favoring the defendants' preferred (and home) forum, the Western District of Pennsylvania -- the court granted the defendants' motion to transfer. Id. at 51.

Here, Plaintiff is a Delaware corporation with its principal place of business in Connecticut. Complaint ¶ 26. The District of Columbia is not Plaintiff's home forum. In fact, there is no indication in the Complaint that Plaintiff has any ties whatsoever with the District of Columbia, apart from possible dealings with federal regulators in connection with obtaining approval for its drug delivery system that may or may not have taken place within the District. Because the District of Columbia is not Plaintiff's home forum, and indeed is not a forum with which Plaintiff appears to have a relationship of any significance, Plaintiff's selection of the District of Columbia as the venue for this action is entitled to little deference.

**(b)     Defendants' Preferred Venue Is The Southern District Of New York or the District of Connecticut.**

Defendants' preferred venue is the Southern District of New York, their home forum. For the reasons described more fully below, Defendants believe that New York is a vastly more convenient forum for all parties. However, Defendants also believe that, while the Southern District of New York is the best possible venue for litigating this dispute, Connecticut also is preferable to the District of Columbia, since Plaintiff's place of business, and accordingly at least some of the relevant documentary proof and witnesses, are located there. By contrast, the parties and the facts giving rise to this dispute have only the most insignificant of ties to the District of Columbia (e.g., filing documents with the SEC). For these reasons, Defendants' preferred venue is the Southern District of New York or the District of Connecticut.

**(c)     The Cause Of Action Arose Exclusively In New York And Connecticut, And No Significant Event Occurred In The District Of Columbia.**

The alleged events that purportedly give rise to the claims in this action occurred, nearly without exception, in New York and Connecticut. The gravamen of Plaintiff's Complaint is that Defendants are mounting an improper campaign, based on allegedly misleading solicitation

9

materials, to remove Plaintiff's directors and replace them with a slate of directors favored by Defendants. Thus, Plaintiff summarizes its allegations by stating that Defendants have "publicly disseminated misleading valuations of the Company, mischaracterized discussions with the Company in an effort to discredit [Plaintiff's] directors, failed to disclose the group of persons and entities with whom they are acting together for the purpose of acquiring, holding, voting or disposing of [Plaintiff's] stock, and failed to disclose their underlying motive for the consent solicitation - the immediate sale of the Company." Complaint ¶ 1.

These allegations, even if true (and Defendants, of course, dispute them), support transfer of this litigation to New York or Connecticut. Defendants' statements were made in and disseminated from their principal place of business, in New York. The discussions between the parties that Defendants allegedly mischaracterized took place in New York and Connecticut. The allegedly deficient disclosures were prepared by Defendant in New York. In short, Defendants' allegedly wrongful conduct occurred in New York, and Plaintiff's conduct generally occurred in Connecticut. There can be no serious dispute that Plaintiff's purported claims arose in New York and Connecticut.

Moreover, any link between the conduct purportedly giving rise to Plaintiff's claims and this District is all but nonexistent. The only conduct that has any possible bearing on the District of Columbia is Defendants' filing of allegedly false or misleading documents with the SEC. But this is not, of course, an SEC enforcement action. The primary relief that Plaintiff seeks is to enjoin Defendants from continuing a solicitation campaign that is directed toward Plaintiff's shareholders and from exercising their shareholder rights, which are defined by Delaware law and govern Defendants' relationship with Plaintiff's Connecticut-based management. The SEC has no interest in the outcome of this litigation, let alone in the question of where it should be tried.

Moreover, even in SEC enforcement actions, transfer is proper where the parties and events are located in another forum. In S.E.C. v. Ernst & Young, 775 F. Supp. 411 (D.D.C. 1991), the SEC brought a civil enforcement action against an accounting firm that it alleged

aided and abetted repeated violations of reporting and disclosure violations in conjunction with audits of two Texas companies performed by the auditor's Dallas, Texas office. The Court transferred the case to the Northern District of Texas, in part because it agreed with the defendant's contention that, "The underlying facts in this case… are almost exclusively based in Texas. Outside of the [SEC] filings themselves, no underlying operative facts occurred in the District of Columbia." 775 F. Supp. at 414. Thus, the mere filing of documents with the SEC was insufficient to justify litigating the enforcement action in the District of Columbia, even where the filing of allegedly misleading statements was the basis for the allegedly wrongful conduct. Moreover, here, the gravamen of the complaint focuses on Defendants' conduct towards Delcath's shareholders and its board, which took place in New York and Connecticut.

> **(d)    The Convenience Of The Parties Strongly Supports Transfer.**

Since the parties, their employees, and most of their attorneys are in New York or its surrounding area, New York is the most convenient forum for litigating this dispute. Plaintiff maintains its principal place of business in Stamford, Connecticut, while Defendants' principal place of business is located in Manhattan. Given that these two cities are approximately 40 miles apart from each other, the notion that the District of Columbia -- which is approximately 200 miles from New York, the closer city -- might be the most convenient venue for trying this case is absurd on its face. Defendants maintain no office in the District of Columbia and, to the best of Defendants' knowledge, neither does Plaintiff. All of Defendants' key personnel live in New York and its surrounding area, and none lives in or around the District of Columbia. To the best of Defendants' knowledge, Plaintiff's key personnel live near Stamford, Connecticut, and Defendants are aware of nobody from Plaintiff's personnel who live in or around the District of Columbia. Lead counsel for Defendants have offices in New York and in New Jersey. Lead Counsel for Plaintiffs have offices in the District of Columbia and also in New York. According to its website, Plaintiff's firm's office in New York is slightly larger than the firm's Washington, D.C. office (see www.gibsondunn.com, reflecting 160 attorneys in New York and 130 in

Washington). In fact, the signature block on Plaintiff's Complaint indicates that, of the four attorneys prosecuting this action for Plaintiff's, three work in Gibson Dunn's New York office.

In sum, the parties are located within an hour's drive of each other, and all of their employees relevant to this dispute, as well as nearly all of their attorneys, are located within the same area. Accordingly, New York and Connecticut are the most convenient venues for this case.

> **(e)    Since No Witness Would Be Unavailable To Testify At Trial In This Forum, The Convenience Of Witnesses Does Not Militate Toward Transfer Or Non-Transfer.**

The convenience of witnesses is relevant to the Section 1404(a) inquiry only to the extent that some witnesses would be unavailable to testify in one forum or another. Thayer/Patricof, 196 F. Supp. 2d at 32. At this juncture Defendants are not aware of any witness for either side who would be unavailable to testify in any of the potential venues. Accordingly, this factor is "neutral" and has no bearing on the inquiry.

> **(f)    Access To Sources Of Proof Weighs Heavily In Favor Of Transfer.**

Like the parties' convenience, their access to sources of proof heavily favors transferring this case to New York or Connecticut. As noted, all of the relevant witnesses, to Defendants' knowledge, are located in the greater New York area (including southwestern Connecticut). Thus, all depositions likely will be held within that area. Similarly, all of the documentary evidence is located either in Defendants' principal place of business in New York or in Plaintiff's place of business in Connecticut. Indeed, as described in more detail in the Ladd Declaration, any responsive documents to Plaintiff's First Set of Requests for Documents are located in New York City and will be collected, reviewed by counsel, and produced there and/or in New Jersey. Once pre-trial discovery is completed, the evidence that the parties marshal and present at trial will be based in New York. Significantly, none of the evidence, whether documentary or testimonial, has any connection to the District of Columbia and, if this litigation

is transferred, none of it will ever be located in the District of Columbia. Access to sources of proof strongly favors transferring this case to New York and Connecticut.

*    *    *

Reviewing the private interest factors, this action arose in New York or Connecticut, which would be Defendants' preferred choice of forums and are strongly supported by the convenience of the parties and their access to proof. The only factor that weighs against transfer is Plaintiff's choice of venue, which in this case is afforded less weight because it is not Plaintiff's home forum. Accordingly, the private interests weigh strongly in favor of transfer.

### 2.    The Public Interests Weigh in Favor of Transfer.

#### (a)    Since All Potential Forums Are Well-Versed In The Relevant Law, And Have Roughly Equally Crowded Dockets, These Factors Neither Support Nor Undermine Transfer.

This case arises under the Exchange Act. Thus, no state law expertise will be required of whichever Court oversees its disposition. Moreover, given the vast amount of litigation arising from the Exchange Act, all federal district courts may be presumed to be well-versed in its substantive and procedural requirements. This factor is accordingly neutral.

Similarly, none of the courts has a docket so crowded that it could expect to delay the resolution of this matter. This factor is also a "draw."

#### (b)    The Interest In Resolving Local Disputes Locally Favors Transfer.

This is a local dispute in New York and Connecticut. It involves questions concerning the propriety of Defendants' behavior as a New York-based investor in a Connecticut corporation and the scope of Defendants' rights as such an investor. As between the litigants, it is a local dispute only where the Defendants are located, New York, or where the Plaintiff is located, Connecticut. By contrast, this dispute has almost nothing at all to do with the District of Columbia, and cannot in any way be seen a dispute that is "local" to Washington. Accordingly, this factor weighs in favor of transfer.

In summary, like the factors relevant to the private interests at stake, the public interest factors generally favor transfer. The venues with the greatest connection to this dispute -- to the parties, the conduct at issue, the witnesses and documentary proof, and the conflict at issue -- are undoubtedly the Southern District of New York and the District of Connecticut. Convenience and fairness suggest that the case should be transferred to one of those districts, in the Court's discretion.

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court enter an order transferring this case to the Southern District of New York or the District of Connecticut.

Respectfully submitted,

Robert Ladd, LADDCAP Value Partners LP, LADDCAP Value Advisors LLC, and LADDCAP Value Associates LLC

By Counsel:

_____/s/_____

Robert P. Trout
(D.C. Bar No. 215400)
Gloria B. Solomon
(D.C. Bar No. 358880)
TROUT CACHERIS, PLLC, Suite 300
1350 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 464-3300
Fax:  (202) 464-3319

Steven M. Hecht
Sally J. Mulligan
Paul W. Horan
LOWENSTEIN SANDLER PC
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
Phone:  (646) 414-6902
Fax:  (973) 597-2381