IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------- x
:
DELCATH SYSTEMS, INC. :
:
                 Plaintiff, :
   v. : Civil Action No. 1:06CV01391 RBW
:
ROBERT LADD, LADDCAP VALUE : Honorable Reggie B. Walton
PARTNERS LP, LADDCAP VALUE :
ADVISORS LLC and LADDCAP VALUE :
ASSOCIATES LLC :
                 Defendants. :
:
----------------------------------- x

**DECLARATION OF OLIVER OLANOFF IN SUPPORT OF
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

    OLIVER M. OLANOFF, pursuant to 28 U.S.C. § 1746, hereby declares:

    1.    I am an attorney with the law firm of Gibson, Dunn & Crutcher LLP, counsel for plaintiff Delcath Systems, Inc. ("Delcath"). I am a member in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York. A motion for my admission to appear *pro hac vice* in this action is currently pending.

    2.    I submit this declaration in support of Delcath's motion for temporary restraining order. The underlying action concerns alleged material misstatements and omissions by defendants Robert Ladd, Laddcap Value Partners LP ("Laddcap"), Laddcap Value Advisors LLC and Laddcap Value Associates LLC (the "Ladd Defendants") in violation of the Securities and Exchange Act of 1934.

    3.    On August 1, 2006, the Ladd Defendants filed a Schedule 14A Preliminary Proxy Statement ("Preliminary Consent Solicitation") for their proposed consent solicitation to remove Delcath's directors and replace them with the Ladd Defendants' own slate of directors. In the

Preliminary Consent Solicitation, the Ladd Defendants represented the following about Paul William Frederick Nicholls, one their director nominees: "Since September 2000, Mr. Nicholls has been a self-employed Business Development Director consulting with a number of large international organizations." A true and correct copy of the Preliminary Consent Solicitation is attached as Exhibit 48 to the Declaration of Oliver Olanoff in Support of Plaintiff's Motion for Preliminary Injunction, executed on August 9, 2006 (Docket Nos. 7-12).

4. On August 10, 2006, the Ladd Defendants filed a Schedule 14A attaching a letter to Delcath's shareholders regarding this lawsuit. In the letter, contrary to their representation in the Preliminary Consent Solicitation that Mr. Nicholls was a consultant to a number of large international organizations "since 2000," the Ladd Defendants claim that Mr. Nicholls could not work prior to his bankruptcy filing in 2002 because he was fighting cancer. A true and correct copy of the Schedule 14A is attached hereto as Exhibit 1.

5. On August 31, 2002, just 38 days before filing for Chapter 7 personal bankruptcy, Mr. Nicholls competed in a New York Road Runners' Club 10K race. Mr. Nicholls completed the race at a pace of 7 minutes 37 seconds per mile. In 2002, Mr. Nicholls competed in 19 New York Road Runners' Club races. A true and correct copy of a New York Road Runners' Club Race Results Archive concerning Mr. Nicholls's results in races from December 2001 to October 2005 is attached hereto as Exhibit 2.

6. On July 27, 2006, Jonathan A. Foltz suddenly resigned as a consultant of Delcath. Mr. Foltz had been a Delcath employee and consultant for 14 years, was involved in almost all aspects of Delcath's operations, and had access to company trade secrets and other confidential and proprietary information. *See* Declaration of M.S. Koly in Support of Plaintiff's Motion for Preliminary Injunction, executed on August 4, 2006 (Attachment to Docket No. 6), ¶ 15.

7. Just hours after Mr. Foltz's sudden resignation on July 27, 2006, the Ladd Defendants issued a written consent to action ("Consent to Action") to initiate the process for commencing a consent solicitation to remove Delcath's directors and replace them with the Ladd Defendants' own slate of directors. The Consent to Action identified Mr. Foltz as of the Ladd Defedants' director nominees. A true and correct copy of the Consent to Action is attached as Exhibit 46 to the Declaration of Oliver Olanoff in Support of Plaintiff's Motion for Preliminary Injunction, executed on August 9, 2006 (Docket Nos. 7-12).

8. Delcath has since learned that, in February 2006, Mr. Foltz secretly installed on his Delcath work computer a wiping utility known as "Eraser." Then, just before he resigned on July 27, 2006, Mr. Foltz deleted all of the e-mails as well as numerous documents and files on his work computer. True and correct copies of the Affidavits of Lara S. Corrente and Carlos Cordova in *Delcath Systems, Inc. v. Jonathan Foltz* are attached hereto as Exhibits 3-4.

9. In addition, on the day before he resigned from Delcath, Mr. Foltz traveled with a co-worker to meet with Delcath's intellectual property attorneys. At the meeting, Mr. Foltz, his co-worker and Delcath's intellectual property attorneys discussed privileged information about Delcath's current and future affairs. On the train home, Mr. Foltz repeatedly excused himself and left the side of his co-worker to take cellular phone calls in private. A true and correct copy of the Rule 4-5 Affidavit of M.S. Koly in *Delcath Systems, Inc. v. Jonathan Foltz* is attached as Exhibit 63 to the Declaration of Oliver Olanoff in Support of Plaintiff's Motion for Preliminary Injunction, executed on August 9, 2006 (Docket Nos. 7-12).

10. On August 4, 2006, the Superior Court for the State of Connecticut issued an order enjoining Mr. Foltz from further "disclosing, disseminating and/or using" any non-public company information. On August 7, 2006, pursuant to that order, a court-appointed custodian, a

computer expert and a Connecticut Marshall arrived at the home of Mr. Foltz to temporarily seize his computers so that copies of certain material could be made.  True and correct copies of the Verified Complaint, Rule 4-5 Affidavit of M.S. Koly, and Order for an Immediate Ex Parte Temporary Injunction in *Delcath Systems, Inc. v. Jonathan Foltz* are attached as Exhibits 62-64 to the Declaration of Oliver Olanoff in Support of Plaintiff's Motion for Preliminary Injunction, executed on August 9, 2006 (Docket Nos. 7-12).

11.	On August 14, 2006, the Ladd Defendants filed a Revised Schedule 14A Preliminary Proxy Statement ("Revised Preliminary Consent Solicitation") for their proposed consent solicitation to remove Delcath's directors and replace them with the Ladd Defendants' own slate of directors.  A true and correct copy of the Ladd Defendants' Revised Preliminary Consent Solicitation is attached hereto as Exhibit 5.

I hereby declare under the penalty of perjury that the foregoing is true and correct. Executed on August 14, 2006.

/s/ Oliver M. Olanoff
Oliver M. Olanoff