```
-----------------------------------x
DELCATH SYSTEMS, INC.              :   SUPERIOR COURT
                  Plaintiff,       :
                                   :   JUDICIAL DISTRICT OF
        v.                         :   STAMFORD/NORWALK
                                   :
JONATHAN FOLTZ,                    :   AT STAMFORD
                  Defendant.       :
                                   :
-----------------------------------x   AUGUST 4, 2006
```

### AFFIDAVIT OF CARLOS CORDOVA

I, Carlos Cordova, being duly sworn, hereby depose and say:

1. I am a Computer Forensics Engineer with Kroll Ontrack, Inc., a wholly owned subsidiary of Kroll, Inc. which is the largest private investigation and business risk mitigation firm in the world. In my capacity as a Computer Forensics Engineer, I am responsible for the retrieval and analysis of data from computers and computer systems for, among other things, evidence of fraud, and theft of trade secrets, harassment and other improper civil and/or criminal conduct. I submit this Affidavit pursuant to Rule 4-5(a)(3) of the Connecticut Practice Book in support of plaintiff Delcath Systems, Inc.'s ("Delcath") Application for Ex Parte Immediate Temporary Injunction dated August 3, 2006 (the "Application"). I have personal knowledge of the facts set forth in this Affidavit, and I am competent to testify thereto based on my knowledge.

2. Delcath, through its attorneys Gibson Dunn & Crutcher LLP, retained Kroll Ontrack, Inc., to conduct data recovery and analysis of a computer used by Jonathan Foltz ("Foltz") upon his resignation from the company.

3. I received and reviewed evidence that Kroll Ontrack assigned a unique media label of A02 KR2144769 HD serial #WD-WMAJ94888982, which was identified as having been owned by Delcath and used by Foltz.

4. I performed forensic examination and data recovery procedures on this computer, and reviewed and analyzed the contents and hard drive of the computer. I discovered through my examination that Foltz installed a wiping utility known as "Eraser" on his Delcath work computer on February 28, 2006 at approximately 12:58 p.m.

5. This wiping utility has been running through a scheduled task that is enabled by default after installation of the software. This utility targets the "unallocated space" within the Delcath work computer

6. All of the files, e-mails permanently deleted in an email client, and/or documents that a computer user deletes from his or her computer reside in the "unallocated space" of that computer. It follows that each of the files, e-mails, and/or documents that Foltz deleted from his Delcath work computer resided in the "unallocated space" of that computer.

7. In my experience, a computer user will install a wipe utility such as "Eraser" onto his or her computer for privacy purposes, namely to ensure that no other user will be able to

detect, read, or gain access to each of the files, e-mails, and/or documents that the computer user has chosen to delete.

8. The wiping utility installed by Foltz was set up to, and did, automatically erase data from the "unallocated space." Because this software renders such data unrecoverable, it is impossible to state what exact data was destroyed. Accordingly, that information is not visible to anyone who gains access to that computer.

_____
Carlos Cordova

Sworn and subscribed to on this 4th day of August, 2006.

_____
Notary Public

JASON MATTHEW PARCFF
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES APRIL 1, 2008