IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
DELCATH SYSTEMS, INC.    :
:
                Plaintiff,    :
   v.    :   Civil Action No.1:06CV01391 RBW
:
ROBERT LADD, LADDCAP VALUE    :   Honorable Reggie B. Walton
PARTNERS LP, LADDCAP VALUE    :
ADVISORS LLC and LADDCAP VALUE    :
ASSOCIATES LLC    :
                Defendants.    :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF TODD FROMER IN SUPPORT OF
## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

I, Todd Fromer, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am the Managing Partner of KCSA Worldwide ("KCSA"), the public relations firm retained by Delcath Systems, Inc. ("Delcath" or the "Company"), and submit this declaration in support of plaintiff's motion for temporary restraining order. I have personal knowledge of the facts set forth in this declaration.

2.    I am the day-to-day contact at KCSA on the Delcath account.

3.    Since Delcath retained KCSA earlier this year, I have received a number of phone calls from John Codling.

4.    During one phone call in the spring of 2006, Mr. Codling directed me to contact Paul William Frederick Nicholls. Mr. Codling said Mr. Nicholls was "my guy" and could "write a check for anything."

5.    This was the first time I had ever heard of Mr. Nicholls. Defendants Robert Ladd, Laddcap Value Partners LP, Laddcap Value Advisors LLC and Laddcap Value Associates LLC (the "Ladd Defendants") did not identify Mr. Nicholls as one of their director nominees in

connection with the Ladd Defendants' proposed consent solicitation to replace Delcath's Board of Directors until many months later in late July 2006.

6. Shortly after the call in which Mr. Codling directed me to contact Mr. Nicholls, I received a call from Robert Ladd who also directed me to contact Mr. Nicholls. Mr. Ladd told me that he had hired Mr. Nicholls in order to perform certain research relating to Delcath.

7. When I finally spoke to Mr. Nicholls, he requested the protocol for a Phase III drug study. I relayed Mr. Nicholls' request to Jonathan Foltz, who, at the time, was still with the Company. My understanding was that Mr. Foltz would arrange for a response to Mr. Nicholls' request.

8. When the Ladd Defendants initiated the process for commencing a consent solicitation in late July 2006, I was surprised to learn that the Ladd Defendants had identified Mr. Nicholls as part of their "unaffiliated" slate of director nominees. My understanding was that Mr. Nicholls was in fact affiliated with the Ladd Defendants. Indeed, Mr. Ladd previously had told me that he had hired Mr. Nicholls. Moreover, Mr. Codling previously had told me that Mr. Nicholls was "my guy." As discussed in my declaration in support of plaintiff's motion for preliminary injunction, Mr. Codling has told me that he introduced Delcath to Mr. Ladd, speaks to Mr. Ladd almost every day and that he and Mr. Ladd "control the entire float" of Delcath stock.

9. Mr. Foltz was one of my principal contacts with the Company, and effectively served as the liaison between Delcath and KCSA. Particularly during June and July of this year, (*i.e.*, immediately prior to his sudden resignation from the Company), Mr. Foltz was most unhelpful and uncooperative in facilitating KCSA's efforts to coordinate with Delcath on investor and media relations.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on August 14, 2006.

                                                            /s/ Todd Fromer
                                                                Todd Fromer