IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DELCATH SYSTEMS, INC.

                   Plaintiff,

       v.

ROBERT LADD, LADDCAP VALUE
PARTNERS LP, LADDCAP VALUE
ADVISORS LLC and LADDCAP VALUE
ASSOCIATES LLC

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 1:06CV01391 RBW

Honorable Reggie B. Walton

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Fax: (202) 530-9559

Attorneys for Plaintiff
Delcath Systems, Inc.

August 15, 2000

**Table of Authorities**

<u>Cases</u>

*Air Line Pilots Ass'n. v. Eastern Air Lines*, 672 F. Supp. 525 (D.D.C. 1987)

*Bender v. Jordan*, __ F. Supp. 2d __, 2006 WL 2042962 (D.D.C. July 21, 2006)

*Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470 (N.D. Ill. 1979)

*Calavo Growers of California v. Generali Belgium*, 632 F.2d 963 (2d Cir. 1980)

*Comptroller v. Calhoun First Nat'l Bank*, 626 F. Supp. 137 (D.D.C. 1985)

*Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392 (S.D. Tex. 1992)

*Davy Corp. Ltd., v. Enserch Corp.*, 1981 WL 1605 (D.D.C. 1981)

*Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7 (2d Cir. 1995)

*FC Inv. Group LC v. Lichtenstein*, __ F. Supp. 2d ___, 2006 WL 2037355 (D.D.C. July 21, 2006)

*Gross v. Owen*, 221 F.2d 94 (D.C. Cir. 1955)

*Hall v. Holmes Group, Inc.*, 2006 WL 148742 (E.D. Mo. Jan 18, 2006)

*Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72 (D.D.C. 2004)

*Initiative & Referendum Inst. v. United States Postal Service*, 154 F. Supp. 2d 10 (D.D.C. 2001)

*\*Ingram v. Eli Lilly & Company*, 251 F. Supp. 2d 1 (D.D.C. 2003)

*Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44 (D.D.C. 2005)

*Leesona Corp. v. Duplan Corp.*, 317 F. Supp. 290 (D.R.I. 1970)

*Mullins v. Equifax Informational Servs., Inc.*, 2006 WL 1214024 (E.D.Va. April 28, 2006)

*S.E.C. v. Elec. Warehouse Inc.*, 689 F. Supp. 53 (D. Conn. 1988)

*\*S.E.C. v. Savoy Indus., Inc.*, 587 F.2d 1149 (D.C. Cir. 1979)

*S.E.C. v. Wallace*, 94 F. Supp. 2d 1 (D.D.C. 2000)

*\*Shapiro, Lifschitz & Schram, P.C., v. R.E. Hazard, Jr.*, 24 F. Supp. 2d 66 (D.D.C. 1998)

*Stepak v. Katz*, 1985 WL 5816 (E.D. Pa. 1985)

*\*Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc.*, 196 F. Supp. 2d 21 (D.D.C. 2002)

*The Wilderness Society v. Babbitt*, 104 F. Supp. 2d 10 (D.D.C. 2000)

<u>Statutes</u>

28 U.S.C. § 1404

Plaintiff Delcath Systems, Inc. ("Delcath") respectfully submits this memorandum of points and authorities in opposition to defendants Robert Ladd, Laddcap Value Partners LP, Laddcap Value Advisors LLC and Laddcap Value Associates LLC's (collectively, the "Ladd Defendants") motion to transfer (the "Motion to Transfer").

## INTRODUCTION

The parties in this action are engaged in a preliminary injunction battle that could, by this Court's rules, lead to a hearing on the preliminary injunction motion in the very near future. Plaintiff's preliminary injunction and temporary restraining order papers raise serious issues regarding securities law violations by the Ladd Defendants. Resolution of these motions will have a profound effect on the corporate control of Delcath. To this point, though, the Ladd Defendants have opted for procedural wrangling by filing the Motion to Transfer.

The Ladd Defendants have provided this Court with an incomplete picture of the facts, and a mistaken view of the law, apparently in the hope that this Court might transfer this action, and allow the Ladd Defendants to pursue their takeover scheme while the transfer occurs without the protection of a temporary restraining order. However this Court ultimately decides the Motion to Transfer, and Delcath respectfully submits that it should be denied, the Ladd Defendants' efforts to evade injunctive relief should not be allowed to stand.

The Motion to Transfer should be denied. On a motion to transfer, the moving party bears a "heavy burden" of establishing that plaintiff's choice of forum is inappropriate, and that litigating in that forum would present a hardship to the parties, and their potential witnesses. Here, the Ladd Defendants have utterly failed to meet their heavy burden. Indeed, it is curious that the Ladd Defendants have come before this Court arguing that litigating in the District of Columbia is not convenient, when, little over two months ago, the same defendants *initiated*, a

lawsuit against Delcath in Delaware Chancery Court in Wilmington, Delaware.  It cannot

seriously be argued that litigating in Wilmington, Delaware is convenient, while litigating only

shortly down Interstate-95 in Washington, D.C. is not.

In evaluating a motion to transfer, courts consider several factors pursuant to 28 U.S.C.

Section 1404(a), including public and private interests:

> The private interest considerations include: (1) the plaintiffs' choice of forum,
> unless the balance of convenience is strongly in favor of the defendants; (2) the
> defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the
> convenience of the parties; (5) the convenience of the witnesses . . ., but only to
> the extent that the witnesses may actually be unavailable for trial in one of the
> fora; and (6) the ease of access of proof.  The public considerations include: (1)
> the transferee's familiarity with the governing laws; (2) the relative congestion of
> the calendars of the potential transferee and transferor courts; and (3) the local
> interest in deciding local controversies at home.

*Thayer/Patricof Education Funding, L.L.C. v. Pryor Resources, Inc.*, 196 F. Supp. 2d 21, 25-26

(D.D.C. 2002).  Notably, this Court has held that the transfer factors listed above must

"*decisively weigh in favor of transferring*" in order to grant the movant's motion to transfer.  *See*

*Ingram v. Eli Lilly & Company*, 251 F. Supp. 2d 1, 4 (D.D.C. 2003) (Walton, J.) (emphasis

added).

Here, the Ladd Defendants have failed to meet their heavy burden because they cannot

establish that the District of Columbia is an inappropriate forum under *any* of the private *or*

public factors, save for the fact that the Ladd Defendants' preferred forum is not this one.

*First*, the Ladd Defendants concede that the District of Columbia is a proper forum under

the governing statutes.

*Second*, a plaintiff's choice of forum is "a paramount consideration in any determination

of a transfer request," (*see Thayer*, 196 F. Supp. 2d at 31 (internal citations omitted)), and is

accorded substantial deference.  Here, Delcath's choice of forum is accorded even more respect

because of the existence of a separate venue statute, 15 U.S.C. § 78aa, which governs securities

cases, and because the claim arose in this district. While the Ladd Defendants attempt to
sidestep this strong presumption in favor of Delcath's forum choice by arguing that the conduct
at issue here (the Ladd Defendants' securities law violations contained in their filings with the
S.E.C.), took place outside this district, this characterization is at odds with case law in this
District. *See Davy Corp. Ltd., v. Enserch Corp.*, 1981 WL 1605, at *2 (D.D.C. 1981). Indeed, it
is at odds with the Ladd Defendants' own authority (*see S.E.C. v. Savoy Indus., Inc.*, 587 F.2d
1149, 1154 (D.C. Cir. 1979)), which clearly states that the place where a document is filed may
be regarded as the place where any asserted non-filing or misfiling occurred. Here the Ladd
Defendants' S.E.C. filings were effected in the District of Columbia. And, while it is the case
that the deference afforded Delcath's choice of forum would be greater if Delcath was a D.C.-
based company, its choice is still afforded deference.

 *Third*, the Ladd Defendants have failed to show that the District of Columbia is an
inconvenient forum for either the parties or any third-party witnesses. Indeed, the Ladd
Defendants have failed to show that it would be a hardship on them to litigate in the District of
Columbia, and they have failed to even identify *any* third-party witnesses integral to their
defense, let alone witnesses that would be "unavailable." While the Ladd Defendants attempt to
argue that New York or Connecticut might be "more convenient" than the District of Columbia,
that is not the law; indeed, quite the contrary is true – courts have repeatedly cautioned that "a
case should not be transferred from a plaintiff's chosen forum simply because another forum, in
the court's view, may be superior to that chosen by the plaintiff." *See The Wilderness Society v.
Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000) (internal citations omitted).

 *Fourth*, while the Ladd Defendants argue that the issues of document location, or "ease
of access to proof," and "the local interest in deciding local controversies at home" factors weigh

in their favor, they are incorrect. Numerous courts have held that, in this era of advanced

technology, the locus of the documents is largely irrelevant, as documents can easily be

transferred. In any event, the documents at issue in this case will likely be finite in number, and

are almost entirely available at the S.E.C.'s website or other websites. Consequently, the

location of the documents does not militate in favor of transfer. Similarly, there is nothing

uniquely local to New York, or Connecticut, about the issues at stake in this litigation. Indeed,

as the Ladd Defendants concede, the conduct at issue effects "Delcath's shareholders, who are

located nationwide." Def. Br. at 2.

*Fifth*, the Ladd Defendants concede that the three remaining factors do not weigh in favor

of transfer (there are no "unavailable witnesses," court congestion" is not an issue, and the

"transferee's familiarity with the governing laws" is not an issue).

*Sixth*, the key cases cited by the Ladd Defendants are inapposite. For example, the Ladd

Defendants spend several pages arguing that *Comptroller v. Calhoun First Nat'l Bank*, 626 F.

Supp. 137 (D.D.C. 1985) supports transfer of this action. However, in *Calhoun* the court found

that the defendants there had shown that they "it would be extremely disruptive to the

[defendant's] business" to try the case in Washington, D.C, while there has been no such

showing here. In addition, the *Calhoun* court relied heavily in granting the transfer motion on

the unusual fact that five other related action were pending in the transferee court which arose

from the same set of facts. Here, no such related actions are pending in a transferee federal

court, or any court for that matter. Similarly, the Ladd Defendants rely heavily upon *Kotan v.

Pizza Outlet, Inc.*, 400 F. Supp. 2d 44 (D.D.C. 2005), however, there the basis for the *Kotan*

court's decision to grant the motion to transfer was the existence of a forum selection clause,

requiring litigation to proceed in the transferee court. There is no forum selection clause present here.

Clearly, the factors that this Court must analyze in deciding the Motion to Transfer weigh heavily in favor of denial of that motion. Certainly, these factors do not "decisively weigh in favor of transferring."

Accordingly, the Ladd Defendants' Motion to Transfer should be denied.

## STATEMENT OF FACTS

**A.    Background and District of Columbia Contacts**

Founded in 1988, plaintiff Delcath Systems, Inc. ("Delcath") is a publicly traded Delaware corporation with shareholders located nationwide, throughout the 50 states. Delcath has at least 6 shareholders in the District of Columbia, and regularly conducts business in the District, particularly as it pertains to compliance with Food and Drug Administration ("FDA") guidelines. On numerous occasions since the late 1990s, Delcath CEO M.S. Koly and Chairman of the Board of Directors Samuel Herschkowitz, M.D. have met with Delcath's District of Columbia counsel, Covington & Burling LLP, in the District of Columbia. (Declaration of M.S. Koly In Support of Plaintiff's Opposition To Defendants' Motion To Transfer ("Koly Decl."), ¶¶ 3-4).

In 2002, Delcath hosted a meeting at the Mayflower Hotel on Connecticut Avenue for between 20 and 25 brokers and potential investors. *Id.* at ¶ 6. Similarly, in March of 2005, Mr. Koly held a meeting with Delcath consultants in the District of Columbia. *Id.* at ¶ 4. Further, as a Securities and Exchange Commission ("S.E.C.") registrant, Delcath files numerous public disclosures each year. (Koly Decl. at ¶ 2). These filings are made with the S.E.C. in the District of Columbia.

Defendants Laddcap Value Partners LP, Laddcap Value Advisors LLC and Laddcap Value Associates LLC are Delaware-incorporated entities controlled by defendant Robert Ladd. Laddcap Value Partners LP ("Laddcap") is an underperforming hedge fund. Defendants have filed numerous S.E.C. disclosure documents in the District of Columbia, as discussed in more detail below.

### B.    Summary Of The Ladd Defendants' Misrepresentations And Omissions

On October 17, 2005, defendants Robert Ladd, Laddcap Value Partners LP, Laddcap Value Advisors LLC and Laddcap Value Associates LLC (collectively, the "Ladd Defendants") filed their original Schedule 13D, thus beginning a campaign to force through misinformation the sale of Delcath. (Declaration of Oliver Olanoff in Support of Plaintiff's Motion for Preliminary Injunction, executed on August 9, 2006 ("Olanoff PI Decl."), ¶ 7.); In order to effect this plan, the Ladd Defendants have filed a series of materially misleading Schedule 13D Amendments (eleven in total) along with six misleading Schedule 14A filings. (Olanoff PI Decl. ¶¶ 7-9, 12-14, 17, 20, 26-27, 32, 37, 41-41; Declaration of Oliver Olanoff in Support of Plaintiff's Motion for Temporary Restraining Order, executed on August 14, 2006 ("Olanoff TRO Decl.") ¶¶ 4,11).

Through these deficient filings, the Ladd Defendants have:

- Failed to disclose the group of persons and entities with whom they are acting with for the purpose of acquiring, holding, voting or disposing of Delcath stock. (Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Injunction, dated August 9, 2006, ("PI Brief") at 4-5);

- Misrepresented material information about their handpicked nominees to replace Delcath's directors (PI Brief at 5-7);

- Misrepresented that they obtained an "independent" valuation of the Company from two investment banks with "decades of experience," and failed to disclose the underlying assumptions and projections that were relied upon in making the valuation (PI Brief at 8-9, 20-22; Olanoff PI Decl., ¶¶ 27-30)).

- Mischaracterized discussions with the Company in an effort to discredit Delcath's directors (PI Brief at 9-10, 22-23; Olanoff PI Decl. ¶¶ 35-37; Declaration of M.S. Koly in Support of Plaintiff's Motion for Preliminary Injunction, executed on August 4, 2006, ¶¶ 2-14);

- Failed to disclose the true motive for their consent solicitation – *i.e.*, an immediate sale of the Company (PI Brief at 10-11, 23-24); and

- Failed to disclose their true arrangement with director nominee Jonathan A. Foltz, a Delcath employee and consultant of 14 years who suddenly resigned and then was identified just hours later on July 27, 2006 as one of the Ladd Defendants' handpicked director nominees. It defies belief that Mr. Foltz would have abruptly resigned from Delcath after 14 years without an understanding from the Ladd Defendants concerning his future employment at Delcath (PI Brief at 7, 19-20).

Notably, each of the filings that led to these misstatements were made with the S.E.C. and effected in the District of Columbia.

**C.    Laddcap Files Suit Against Delcath In Delaware Chancery Court**

On June 8, 2006, in the midst of its efforts to force a sale of the Company through misinformation, one of the Ladd Defendants, Laddcap, filed suit in Delaware Chancery Court against Delcath. Laddcap subsequently agreed to dismiss the lawsuit without prejudice after Delcath's annual meeting. *See* Olanoff PI Decl. at ¶ 23.

**D.    Delcath's Current Board and the Proposed Slate Handpicked By Defendants**

Forty percent of Delcath's Board members do not reside in the New York metropolitan area. In addition to Mssrs. Koly and Herschkowitz, the members of Delcath's Board are Victor Nevins, Mark Corigliano and Daniel Isdaner. *See* Olanoff PI Decl. at Ex. 2, at 23. Mr. Corigliano resides in central New Jersey, while Mr. Isdaner has residences in Maine and Florida. *See* Koly Decl. at ¶ 7.

Similarly, forty percent of the Ladd Defendants' proposed board nominees do not reside in the New York metropolitan area. On July 27, 2006, the Ladd Defendants issued a written consent to action, revealing *inter alia*, their proposed slate of director nominees. (Olanoff PI

Decl. ¶ 39).  The nominees are: Robert Ladd, Jonathan Foltz, Paul William Frederick Nicholls,

Michael Karpf, M.D. and Fred Zeidman.  *Id.*  Dr. Karpf resides in Kentucky, and Mr. Zeidman

resides in Texas.  *Id.* at Ex. 48, at 13-14.

**E.      Procedural History**

On August 4, 2006, Delcath filed a complaint initiating this action.  On August 9, 2006,

Delcath filed a motion for preliminary injunction and on August 9, 2006, Delcath filed a motion

for expedited discovery.  On August 14, 2006, Delcath filed a motion for temporary restraining

order.

The Ladd Defendants have, thus far, failed to respond to the complaint, the motion for a

preliminary injunction, or the motion for a temporary restraining order ("TRO").  Rather, on

August 14, 2006, the Ladd Defendants filed the instant Motion to Transfer.

On the same day, this Court ordered that a TRO would be put in place without prejudice,

until 11:59 p.m. on Thursday, August 17, 2006, pending a hearing on the motion to transfer set

for Thursday, August 17, 2006.

## ARGUMENT

### DEFENDANTS' MOTION TO TRANSFER SHOULD BE DENIED; DEFENDANTS HAVE FAILED TO MEET THEIR HEAVY BURDEN OF SHOWING THAT PLAINTIFF'S CHOICE OF VENUE IS INAPPROPRIATE

**A.      The Ladd Defendants Concede That The District of Columbia is an Appropriate Venue For This Action**

Despite arguing strenuously for transfer, the Ladd Defendants concede that the District of

Columbia is a "permissible venue for trying this case."  *See* Defs'. Br. at 2 and 7.  Numerous

cases are in accord.  *See, e.g., S.E.C. v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1979);

*Davy Corp. Ltd., v. Enserch Corp.*, 1981 WL 1605, at *2 (D.D.C. 1981).

**B.      Defendants Bear a Heavy Burden of Showing**
         **That Plaintiff's Choice of Venue is Inappropriate**

By their present motion, the Ladd Defendants seek to transfer this action to the Southern

District of New York, or the District of Connecticut, pursuant to 28 U.S.C. § 1404(a).  Section

1404(a) states that:

> For the convenience of the parties and witnesses, in the interest of justice,
> a district court may transfer any civil action to any other district or
> division where it may have been brought.

As the moving party, "defendants have the heavy burden of establishing that plaintiff's choice of

forum is inappropriate." *Shapiro, Lifschitz & Schram, P.C., v. R.E. Hazard, Jr.*, 24 F. Supp. 2d

66, 70 (D.D.C. 1998) (denying motion to transfer); *Thayer/Patricof Education Funding, L.L.C. v.*

*Pryor Resources, Inc.*, 196 F. Supp. 2d 21, 24 (D.D.C. 2002) (same); *see also Ingram v. Eli Lilly*

*& Company*, 251 F. Supp. 2d 1, 4 (D.D.C. 2003) (Walton, J.) (denying motion to transfer and

holding that "[a]s the moving party, defendant bears the burden of establishing that the transfer

of this action to another federal district is proper.").  "It is almost a truism that a plaintiff's choice

of forum will rarely be disturbed . . . and it will not be unless the balance of convenience is

strongly in favor of the defendant" *Shapiro*, 24 F. Supp. 2d at 71 (*citing Gross v. Owen*, 221

F.2d 94, 95 (D.C. Cir. 1955)).

In evaluating a motion to transfer, courts consider several factors pursuant to 28 U.S.C. §

1404(a), including public and private interests:

> The private interest considerations include: (1) the plaintiffs' choice of forum,
> unless the balance of convenience is strongly in favor of the defendants; (2) the
> defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the
> convenience of the parties; (5) the convenience of the witnesses . . ., but only to
> the extent that the witnesses may actually be unavailable for trial in one of the
> fora; and (6) the ease of access of proof.  The public considerations include: (1)
> the transferee's familiarity with the governing laws; (2) the relative congestion of
> the calendars of the potential transferee and transferor courts; and (3) the local
> interest in deciding local controversies at home.

*Thayer*, 196 F. Supp. 2d. at 25-26. Where, as here, it is undisputed that "venue is proper, 'transfer elsewhere under Section 1404(a) must . . . be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute.'" *S.E.C. v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1979) (citation omitted) (ellipses in original) (affirming denial of transfer motion). Indeed, this Court has held that the transfer factors must "*decisively weigh in favor of transferring*" in order to grant the movant's motion to transfer. *See Eli Lilly*, 251 F. Supp. 2d at 7 (emphasis added); *see also Mullins v. Equifax Informational Servs., Inc.*, 2006 WL 1214024 at *5 (E.D.Va. April 28, 2006) (denying motion to transfer and holding that "the moving party must show that the balance of convenience among the parties and witnesses is *beyond dead center*, and strongly favors the transfer sought") (emphasis added).

Here, as detailed below, the Ladd Defendants have failed to meet their heavy burden because they cannot establish that the District of Columbia is an inappropriate forum under any of the public or private factors of the statute, save for the fact that the Ladd Defendants' preferred forum is not this one. The public and private interest factors here weigh in favor of plaintiff Delcath's choice of forum; at a minimum they are neutral. In any event, these factors do not "decisively weigh in favor of transferring." *Id.* Accordingly, the Ladd Defendants' Motion to Transfer should be dismissed.

**C.    The Private Interest Factors Weigh
In Favor of Delcath's Choice of Forum**

      **1.    Deference to Delcath's Choice of Forum Weighs
in Favor of Denial of the Motion to Transfer**

"The plaintiff's choice of forum is a paramount consideration in any determination of a transfer request." *Thayer*, 196 F. Supp. 2d at 31 (internal citations omitted). It is axiomatic that "a case should not be transferred 'from a plaintiff's chosen forum simply because another forum,

in the court's view, may be superior to that chosen by the plaintiff.'" *The Wilderness Society v.*

*Babbitt*, 104 F. Supp. 2d 10, 11 (D.D.C. 2000) (denying motion to transfer); *see also Shapiro*, 24

F. Supp. 2d at 71. While plaintiff's choice of forum is ordinarily due substantial deference (*see*

*Shapiro*, 24 F. Supp. 2d at 71), the degree of deference afforded to plaintiff's choice of forum

"depends upon the nexus between plaintiff[s]' chosen forum . . . and the dispute at issue."

*Babbitt*, 104 F. Supp. 2d at 11. However, even "[w]hen the plaintiff's choice of forum is neither

the nucleus of operative facts, nor is the plaintiff's home forum, the plaintiff's choice" is still "a

relevant consideration so long as there is a connection between the forum and the plaintiff's

claim that reasonably and logically supports the plaintiff's decision to bring the case in the

chosen forum." *See Mullins*, 2006 WL 1214024, at *5 (denying motion to transfer). In any

event:

> Plaintiff's choice of forum remains a relevant consideration, especially
> since [the defendants] bear the burden of proving that the balance of
> factors weighs in favor of transfer. *If the defendants cannot demonstrate*
> *that the balance of factors strongly favors transfer, then the Plaintiff's*
> *choice of forum should be respected.*

*Mullins*, 2006 WL 1214024, at *6 (E.D. Va. April 28, 2006) (emphasis added).

### 2.    The District of Columbia is the Locus of the Misconduct

Here, Delcath chose to file its action against the Ladd Defendants in the District of

Columbia, a forum with a clear nexus or connection to the dispute at issue – a dispute that

centers around the Ladd Defendants' material misstatements and omission in its S.E.C. filings

effected *in this forum*. Thus, Delcath's choice of forum must be accorded significant deference,

and this factor weighs heavily in favor of denial of the Motion to Transfer.

In an attempt to avoid the weight of this factor, the Ladd Defendants assert that "nearly

all of the Laddcap Defendants' conduct about which Delcath complains took place in Manhattan

and was directed either at Delcath [sic] board, located in Connecticut, or, in the case of

solicitation materials, at Delcath's shareholders, who are located nationwide."[1] Def. Br. at 2. This characterization is demonstrably false and at odds with case law in this District. *See Davy Corp. Ltd., v. Enserch Corp.*, 1981 WL 1605, at \*2 (D.D.C. February 9,1981) (denying motion to transfer case from this Court, and holding, "this action does indeed have a connection with this District in that one of the major acts challenged in the complaint – the filing of a registration statement containing false statements and omissions of material facts with the SEC – occurred here.") (citation omitted)*; S.E.C. v. Wallace*, 94 F. Supp. 2d 1, 2 (D.D.C. 2000) (denying motion to transfer case from this Court, and stating "[i]n an action alleging a failure to make a required filing with the SEC, venue lies in the District of Columbia.").

Despite the Ladd Defendants' assertions to the contrary, the District of Columbia is the locus of the misconduct at issue. *See Savoy*, 587 F.2d at 1155. Indeed, the Ladd Defendants' own authority, *S.E.C. v. Savoy Indus., Inc.*, states that "[b]oth the Supreme Court and this court have held that the place where a document is to be filed may be regarded as the place where any asserted non-filing or misfiling occurred." *Id.* In *Savoy*, the Dallas-based moving party argued, as the Ladd Defendants do here, that venue in the District of Columbia was "bare bones" and that "none of the operative facts" transpired in the District of Columbia. *Id.* The *Savoy* court determined that the filing of "a Form 8-K . . . [with] the [S.E.C.] in Washington, D.C. . . . . a schedule 13D . . . and. . . a Form 10-K" were sufficient actions to honor plaintiff's choice of venue and dismiss defendant's motion. *Id.* In comparison to the *Savoy* defendants, the Ladd Defendants here are prodigious S.E.C. filers. Since October 2005, the Ladd Defendants have

---

[1] Notably, at least 9 of the Delcath shareholders to whom the Ladd Defendants concede their conduct was directed reside in the District of Columbia. *See* Declaration of Alexander Flesher in Support of Plaintiff's Opposition to Defendants' Motion to Transfer, Executed August 15, 2006 ("Flesher Decl.") ¶¶ 2-3.

filed sixteen materially false S.E.C. disclosures.  (Olanoff PI Decl. ¶¶ 7-9, 12-14, 17, 20, 26-27, 32, 37, 41-41; Olanoff TRO Decl. ¶¶ 4,11).  .  Plainly, if the *Savoy* court found that three filings were sufficient to sustain venue in this District, than the Ladd Defendants' sixteen filings should suffice.

### 3.    A Separate Venue Statute Supports Venue in the District of Columbia

The presumption in favor of Delcath's choice of forum is even further strengthened by the existence of a separate venue statute, 15 U.S.C. § 78aa, which governs securities cases.  *See Thayer*, 196 F. Supp. 2d at 37, n.9.  As the *Thayer* court held, "the presumption in favor of a plaintiff's choice of forum is even stronger in cases arising under the federal securities laws.  The liberal venue provision represents an affirmative congressional policy choice to allow plaintiffs in securities cases the widest possible choice of forums in which to sue.'"  *Id.* (citing *S.E.C. v. Elec. Warehouse Inc.*, 689 F. Supp. 53, 74 (D. Conn. 1988)).[2]

In sum, the paramount consideration given to a plaintiff's choice of forum, and the understanding in this jurisdiction that the locus of filing may determine venue, coupled with the additional favor shown to plaintiff's forum in a securities action, weighs heavily against the Ladd Defendants' Motion to Transfer.

---

[2]  The Ladd Defendants reliance on *Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44 (D.D.C. 2005), is misplaced.  The basis for the *Kotan* court's decision to grant the motion to transfer was the existence of a forum selection clause, which is not present here.  *See id.* at 48 (holding that "[a]s a matter of public policy, forum selection clauses are granted significant weight in venue transfer motions.").  While the court stopped short of saying that a forum selection clause automatically disposes of an action, it did find that such a clause is "a separate contract" that should be afforded "major consideration."  *Id.* at 48.  Predictably, the court transferred venue in *Kotan*, to the forum agreed upon by the parties in the forum selection clause.  Such a significant added element to the fact pattern renders *Kotan* inapplicable to this matter where there is, of course, no forum selection clause.

4.    **Defendants' Choice of Fora Should
       Be Accorded Only Minimal Weight**

Where defendants make "merely general allegations" in support of an alternative forum, a motion to transfer must be dismissed. *Stepak v. Katz*, 1985 WL 5816, at *2 (E.D. Pa. 1985) (denying motion to transfer where defendants' choice of forum is not properly supported). While it is clear that the Ladd Defendants would prefer to proceed in Connecticut or New York, they make no particularized allegations explaining why the District of Columbia would be an inconvenient forum so that they can overcome the heavy burden they must meet for their Motion to Transfer to be granted. As demonstrated below, the facts established by the Ladd Defendants in support of their alternative fora fail to satisfy the standard in this district, and therefore their choice of fora should be accorded little weight. Indeed, the goal of transfer is to avoid a preliminary injunction hearing.

5.    **The Claims At Issue Arose in This District**

As discussed in section B.1., *supra*, courts in this jurisdiction have consistently held that where a cause of action arises from material misrepresentations and omissions located in securities filings, the locus of the action is deemed to be the forum where the offending document is filed. *See Savoy*, 587 F.2d at 1155. Here, plaintiff's allegations stem from numerous materially misleading Schedule 13D and Schedule 14A filings. The Ladd Defendants filed these disclosures with the S.E.C. located in Washington, D.C. Consequently, the claims arise out of actions taken in this district. *See Davy*, 1981 WL 1605, at *2 (finding that a "major act" complained of, "the filing of a registration statement containing false statements and omissions of material facts with the SEC occurred" in Washington D.C.). This factor, therefore, weighs heavily against the Ladd Defendants' Motion to Transfer.

6. **The Ladd Defendants Have Failed to Show that this District is an Inconvenient Forum and that the Convenience of the Parties and Witnesses Weighs In Favor of Transfer**

In order for the "convenience prong" to weigh in favor of a motion to transfer, a movant must establish facts that convey the "particular hardship" or *inconvenience* resulting to the parties and the witnesses in litigating in the chosen forum. *See Babbitt*, 104 F. Supp. 2d at 15 (finding that convenience prong weighed in non-moving party's favor where defendant failed to "establish[] any particular hardship in litigating this suit in the District of Columbia."); *Ingram*, 251 F. Supp. 2d at 7 (denying motion to amend and holding that defendants failed to indicate "how they would be inconvenienced if this action remains in this Court.").

Moreover, "convenience of the witnesses should be considered only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Babbitt*, 104 F. Supp. 2d at 15; *Thayer*, 196 F. Supp. at 32; *FC Investment Group LC v. Lichtenstein*, 2006 WL 2037355, at *7 (D.D.C July 21, 2006 ) (defendant must also show that "witnesses would be unwilling to testify in the District of Columbia," in order to succeed on the convenience prong). Indeed, in order to support transfer, the defendant must come forward with specific allegations that a witness will be unavailable. *See Ingram*, 251 F. Supp. 2d at 5.[3] Even then, some courts have held that where a defendant fails to show that a "third-parties' testimony could not be obtained by other means, such as written or videotaped depositions," a motion to transfer will fail. *Shapiro*, 24 F. Supp. 2d at 73; *see also Thayer*, 196 F. Supp. 2d at 34 (denying motion to transfer

---

[3] *See also Thayer*, 196 F. Supp. 2d at 33 ("a moving party must demonstrate (through affidavits or otherwise) what a non-resident witness will testify to, the importance of the testimony to the issues in the case, and whether that witness is willing to travel to a foreign jurisdiction").

and noting that, "[e]ven witnesses unwilling to appear at trial can be subjected to videotape depositions").

Here, the Ladd Defendants have failed to establish a single fact demonstrating that proceeding in the District of Columbia would be a hardship on the defendants themselves, or even upon any potential third-party witnesses that may be integral to their defense.[4]  Indeed, the Ladd Defendants fail to set forth a single witness who might be important to their defense and inconvenienced, let alone unavailable for their defense.  Notably, this Court has previously held

---

[4]  The Ladd Defendants spend several pages arguing that *Comptroller v. Calhoun First Nat'l Bank*, 626 F. Supp. 137 (D.D.C. 1985), supports transfer of this action.  However, *Calhoun* is easily distinguishable on numerous grounds, and thus not instructive here.  For example, the *Calhoun* court found that the defendants there had shown that "it would be extremely disruptive to the [defendant's] business" to try the case in Washington, D.C.  *Id.*  There has been no such showing here.  Indeed, there is no indication *anywhere* in the Ladd Defendants' brief or supporting declaration that this action will cause any disruption to the businesses of the Ladd Defendants.  Additionally, and perhaps more importantly, the *Calhoun* court's primary basis for granting the transfer motion was that "a number of other actions are currently pending in various courts in northern Georgia which arose from the same Comptroller investigation leading to the institution of this lawsuit, and that transfer of the case would allow coordination of pretrial discovery and otherwise with respect to all these cases."  *Id.* at 141.  Simply put, no such related actions are pending here.  Although the Ladd Defendants reference "an apparently related action now pending in the District of Connecticut" (*see* Defs'. Br. at 6), the matter referenced by the Ladd Defendants is *not* pending in the District of Connecticut – it is pending in Connecticut state court, thus even if the two matters were related, a transfer of venue would not be appropriate on that ground. *See Blumenthal v. Management Assistance, Inc.*, 480 F. Supp. 470, 473 (N.D. Ill. 1979) (holding that the "rule that a case should be transferred to a district where a related case is pending . . . only applies where the related case is a federal civil case").  Second, that matter – a trade secret theft and misappropriation case against a party who is not a defendant in this action – is entirely unrelated to the instant action.  The legal issues are not the same and the matters are not predicated on the same facts, making transfer on that basis inappropriate. *See Air Line Pilots Ass'n. v. Eastern Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987).

that the absence of such allegations was the "most important[ ]" factor in the Court's decision to decline a motion to transfer.[5]  *See Ingram*, 251 F. Supp. 2d at 5.

Instead, the Ladd Defendants focus on irrelevant and unsupportable propositions.  For example, the Ladd Defendants argue that: "the notion that the District of Columbia . . . might be the most convenient venue for trying this case is absurd on its face."  See Defs'. Br. at 11.  However, this strawman argument is irrelevant.  There is no requirement under 28 U.S.C. § 1404(a) that the forum chosen be the "most convenient," indeed, courts have repeatedly cautioned that "a case should not be transferred from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff."  *See Babbitt*, 104 F. Supp. 2d at 12 (internal citations omitted); *Shapiro*, 24 F. Supp. 2d at 71 (internal citations omitted).[6]

---

[5]  Curiously, the Ladd Defendants seem to conclude from the proposition in *Thayer* (that a movant must show that a witness is "unavailable") that since there are no unavailable witnesses here, that this factor is therefore a "neutral" one.  Such a conclusion is false.  Rather, where, as here, it is undisputed that no witnesses will be unavailable, this factor weighs decidedly in favor of the non-moving party.  *See FC Investment Group*, 2006 WL 2037355, at *7.

[6]  Similarly irrelevant is the Ladd Defendants' argument that "lead counsel for Defendants have offices in New York and in New Jersey."  *See* Defs'. Br. at 11.  Simply put, the convenience to counsel caries little or no weight when undertaking an analysis pursuant to 28 U.S.C. § 1404(a).  *See Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72 (D.D.C. 2004); *Mullins*, 2006 WL 1214024 at *7 n.8; *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1399 (S.D. Tex. 1992) ("Many courts have held that the convenience of counsel is not a factor that may be considered in deciding a motion for change of venue.  In any event, in this case, even assuming that it is appropriate to consider counsels' convenience, this factor is entitled to little weight.").  Even were this Court to lend such facts any weight, they nonetheless do not weigh in favor of transfer.  Both Delcath and the Ladd Defendants have experienced Washington, D.C. counsel involved in this case, and even the Ladd Defendants' New York-based counsel indicate on their website that they have extensive experience litigating nationally, including a recent successful litigation in Virginia state court.  *See*

[Footnote continued on next page]

In addition, the Ladd Defendants spend a significant portion of their convenience argument considering the convenience of New York or Connecticut to *plaintiff* – an argument that is unavailing. *See* Defs'. Br. at 11. When considering this factor, courts defer to the judgment of plaintiffs in determining the forum most suitable to them. *See Initiative and Referendum Institute v. United States Postal Service*, 154 F. Supp. 2d 10, 14-15 (D.D.C. 2001) (denying motion to transfer, holding, "On these points of disagreement over convenience to the plaintiffs, I will defer to plaintiffs' own judgment."); *Hall v. Holmes Group, Inc.*, 2006 WL 148742, at *2 (E.D. Mo. Jan. 18, 2006) (defendant "fails to appreciate the fact that if the Western district had been more convenient for Plaintiffs, then they most certainly would have filed suit there.").

Finally, it is worth noting that on June 8, 2006, these same defendants who now complain about the "inconvenience" of defending a suit filed by Delcath in this District, filed suit *against* Delcath in the Court of Chancery of the State of Delaware. That suit was ultimately withdrawn by the Ladd Defendants. Surely, however, the Ladd Defendants should not be heard to complain that litigating in the District of Columbia is now inconvenient, while they *chose* to litigate a few months ago, just a short drive up I-95 in Delaware.[7]

---

[Footnote continued from previous page]
   *http://www.lowenstein.com/about/overview; see also http://www.lowenstein.com/shecht and http://www.lowenstein.com/smulligan* (last visited August 15, 2006).

[7]   The Ladd Defendants make a half-hearted attempt to argue that the District of Columbia is inconvenient because it is "200 miles from New York." *See* Defs'. Br. at 11. This argument is unavailing. "'A forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel.'" *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7 (2d Cir. 1995) (*citing Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J., concurring), *cert. denied*, 449 U.S. 1084, 101 S. Ct. 871, 66 L.Ed.2d 809 (1981)); *see also Leesona Corp. v. Duplan Corp.*, 317 F. Supp. 290 (D.R.I. 1970) ("I find unconvincing the argument that New York is a

[Footnote continued on next page]

This factor, therefore, fails to support the Ladd Defendants' Motion to Transfer.

**7.    The Ladd Defendants' Have Failed to Show that Ease of Access of Proof Is A Factor That Weighs in Favor of Transfer**

The Ladd Defendants claim that "access to sources of proof heavily favors transfer," however, they have failed to support their argument. *See* Defs'. Br. at 12. While the Ladd Defendants conclusorily state that witnesses and documents reside outside this forum, they do not point to any specific witness, or any specific document. Moreover, in this era of technology, the locus of the documents is largely irrelevant, as "documents can easily be transferred to Washington." *See Thayer,* 196 F. Supp. 2d at 36 ("The Court is not persuaded that the location of these documents warrants transfer . . . the location of documents, given modern technology is less important in determining convenience of the parties."). In any event, the documents at issue in this case will likely be finite in number, and are almost entirely available at the S.E.C.'s website or other websites. Consequently, the location of the documents does not militate in favor of transfer.

Furthermore, the Ladd Defendants' characterization that "all of the relevant witnesses, to Defendants' knowledge, are located in the greater New York area (including Southwestern Connecticut)," Defs'. Br. at 12, is demonstrably false. Two of Delcath's current directors reside outside of the "greater New York area." Daniel Isdaner splits his time between Maine and Florida, while Mark Corigliano lives in central New Jersey. *See* Koly Decl. at ¶7. Making

---

[Footnote continued from previous page]
much more convenient forum for presenting the witnesses who may be called in trial of this action. Defendants assert that all their witnesses will come from New York and points south of New York, while it appears that plaintiff's probable witnesses are residents of Rhode Island. I find that the additional two hundred miles which defendants' witnesses will have to travel, if trial of this case remains in Rhode Island, is insignificant in terms of additional expense, cost, or time, and therefore lends no support to the motion to transfer.").

matters worse, the Ladd Defendants fail to factor in the locations of their own witnesses. Two

members of the Ladd Defendants' hand-picked slate of directors are based outside of this area.

*See* Olanoff PI Decl. at Ex. 48, at 13-14. Michael Karpf, M.D. is a resident of Kentucky, while

Fred Zeidman resides in Texas. *See id.* Thus, the notion that ease of access "strongly favors" the

Ladd Defendants is misguided. This factor fails to support the Ladd Defendants' Motion to

Transfer.

**D.   The Public Interest Considerations Weigh
       <u>Strongly In Favor of Denying This Motion</u>**

      **1.   The Transferee's Familiarity With Governing Law Is
            Not A Factor That Weighs in Favor of Transfer Here**

The Ladd Defendants concede that this factor does not militate in favor of any potential

jurisdiction, and therefore the court should treat it as neutral. *See* Defs'. Br. at 13. Delcath

agrees. This factor, therefore, fails to support the Ladd Defendants' Motion to Transfer.

      **2.   The Relative Congestion of the Calendars of the
            Potential Transferee and Transferor Courts Is Not
            A Factor That Weighs in Favor of Transfer Here**

Similarly, by failing to address the congestion factor in their brief, the Ladd Defendants

concede that this factor does not argue in favor of transfer. Again, Delcath agrees. This factor,

therefore, fails to support the Ladd Defendants' Motion to Transfer.

      **3.   The Local Interest In Deciding Local Controversies At
            Home Is Not A Factor That Weighs in Favor of Transfer Here**

The Ladd Defendants argue that this factor favors transfer, however, there is nothing

uniquely local to New York, or Connecticut, about the issues at stake in this litigation – namely,

the material misstatements and omissions in securities filings that affect a shareholder base

dispersed throughout the country. *See id.* at *6 (holding that "there is nothing uniquely local

about DES litigation as the product was marketed and dispensed throughout the nation"); *see*

*also* Flesher Decl. at ¶ 4 (showing that Delcath's shareholders are located throughout the country, indeed, in all 50 states; and that over 70% of Delcath's shareholders are located outside of New York and Connecticut). As the Ladd Defendants concede, the conduct at issue affects "Delcath's shareholders, who are located nationwide." Def. Br. at 2. Consequently, there is no particular jurisdiction with a compelling interest in resolving this dispute, and this factor, therefore, fails to support the Ladd Defendants' Motion to Transfer.

Significantly, courts in this district have recognized the importance of addressing securities cases regarding appropriate disclosures filed with the S.E.C. *See Bender v. Jordan*, __ F. Supp. 2d __, 2006 WL 2042962 (D.D.C. July 21, 2006)

## CONCLUSION

For the reasons set forth above, Delcath respectfully requests that the Court deny the

Ladd Defendants' Motion to Transfer.

Dated:   Washington, D.C.
         August 15, 2006

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By:   /s/ Paul Blankenstein
                                              Paul Blankenstein
                                              (D.C. Bar No. 468351)
                                              Matthew R. Estabrook
                                              (D.C. Bar No. 477880)

                                              1050 Connecticut Avenue, N.W.
                                              Washington, D.C.  20036
                                              Tel:  (202) 955-8500
                                              Fax:  (202) 530-9559

                                              Attorneys for Plaintiff
                                              Delcath Systems, Inc.

GIBSON, DUNN & CRUTCHER LLP
Adam H. Offenhartz (admitted *pro hac vice*)
Oliver M. Olanoff (admitted *pro hac vice*)
200 Park Avenue
New York, NY  10166-0193
Tel:  (212) 351-4000
Fax:  (212) 351-4035